# CHARLESTON.

## HALL v. WADSWORTH.

<span>35 375<br>e 51 162</span>

Submitted June 12, 1891.—Decided November 21, 1891.

1. FORTHCOMING BOND—ESTOPPEL—DEFENCES.

Where a forthcoming bond has been voluntarily entered into, and the party executing the same has enjoyed the benefit of said bond by retaining in his possession the property levied upon under a distress-warrant, which bond was made payable to S. B. H., agent for J. H., instead of to J. H., the party to whom the rent was due, in an action of debt upon the said forthcoming bond the doctrine of estoppel applies, and it is then too late to raise the question as to the validity of said bond.

2. FORTHCOMING BOND—PLEADING—PRACTICE.

In an action of debt upon a forthcoming bond taken under a distress-warrant, the defendant may plead and show by way of defence that the distress was for rent not due from him at the time of suing out the distress-warrant mentioned in the condition of said bond.

*John Bussel and J. J. Davis* for plaintiff in error, cited Code, c. 142, s. 1; 31 W. Va. 44.

*D. C. Lee* and *W. Scott* for defendant in error, cited Code, c. 93, s. 10; Id. s. 14; 15 Gratt. 518; 3 W. Va. 260; 8 Gratt. 560; 18 Gratt. 235; 15 Gratt. 518; 4 Rand. 189; Big. Estop. 267; 1 Greenl. Ev. 207; 2 Pars. Cont. (1860) 340; 3 Call 523; 2 Gratt. 178.

ENGLISH, JUDGE:

On the 6th day of October, 1883, a distress-warrant was issued by A. W. SHINN, a justice of Harrison county, wherein it was recited that S. B. Hall, agent for Jane Hall, his wife, has made oath before said justice that he verily believed that C. G. Wadsworth, her tenant, was justly indebted to her in the sum of four hundred and six dollars, including interest for rent reserved upon contract for a certain messuage and tenement situated in the said county, due and payable in one year; which distress-warrant was levied on the 8th day of October, 1883, upon certain cattle and sheep as the property of said C. G. Wadsworth, who on the same day executed a forthcoming bond, with E. F. Pigott as his surety; the obligatory portion of which bond was in the words and figures following:

"Know all men by these presents that we, C. G. Wadsworth and Elam F. Pigott, are held and firmly bound to S. B. Hall, agent of Jane Hall, his wife, in the sum of one thousand and eighty dollars, to the true payment of which we bind ourselves jointly and severally, and each of us bind his heirs; as witness our hand and seals this 8th day of October, 1883;" the condition of which bond recited that "whereas B. F. Harmer, Jr., constable of Harrison county, by virtue of landlord's warrant or warrant of distress bearing date October 6, 1883, duly issued by A. W. SHINN, a justice of said county, in favor of S. B. Hall, agent of Jane Hall, and against the above-bound C. G. Wadsworth" *etc.*, continuing in the usual form of a forthcoming bond.

Upon this forthcoming bond an action of debt was brought on the 19th day of February, 1884, against said C. G. Wadsworth and Elam F. Pigott. The defendant craved oyer of the writing obligatory in the plaintiff's declaration mentioned, and demurred generally to said declaration, and the plaintiff joined therein, and the defendants also filed a plea in writing in the following words: "Defendants for plea say that at the time of the suing out of the warrant mentioned in the condition of the writing obligatory set out in the plaintiff's declaration there was no rent due from the defendant, C. G. Wadsworth to the plaintiff, and this the defendants are ready to verify, whereupon they

pray judgment" *etc.* On the 30th day of May, 1884, the demurrer to plaintiff's declaration was overruled; and on the 16th day of January, 1885, the plaintiff withdrew his general replication to the defendants' special plea in writing, and demurred thereto. On the 19th day of January, the demurrer to said special plea was overruled, and the plaintiff replied generally thereto; and on the 2d day of February, 1888, by agreement a jury was waived, and the matters of law and fact were submitted to the court, which gave judgment in favor of the plaintiff against the defendant C. G. Wadsworth, the surviving defendant, for the sum of five hundred and fifty one dollars and forty six cents, with interest from that date and costs; to which ruling of the court in rendering said judgment against him the said C. G. Wadsworth excepted, and tendered his bill of exceptions and the same was signed, sealed and made a part of the record of the cause.

From the statement of facts contained in said bill of exceptions it appears that the written agreement between Jane Hall and C G. Wadsworth for the rental of said premises, dated the 28th day of March, 1881, was read in evidence; also said distress warrant, and the return thereon, and said forthcoming bond; and it was admitted by the parties that the amount of rent claimed in the warrant of distress was on the date of said warrant due and unpaid to Jane Hall, under said lease, but that no rent was due or owing by the defendants, or either of them, to Sanford B. Hall, otherwise than as above; but that the debt demanded in said action was and is for rent reserved to Jane Hall under said lease dated March 28, 1881, and for no other cause of action, in whole or in part, and from the judgment aforesaid the defendant C. G. Wadsworth applied for and obtained this writ of error.

The question presented for our consideration in this case is whether the forthcoming bond upon which the action was predicated is good either as a statutory or as a common-law bond. The statute which authorizes the taking of such a bond by a sheriff or other officer is found in section 1 of chapter 142 of the Code, which provides that "the sheriff or other officer levying a writ of *fieri facias* or distress war-

58

rant may take from the debtor a bond with sufficient security, payable to the creditor in a penalty" *etc.;* and section 1 of chapter 10 of the Code provides that every bond required by law to be taken or approved by or given before any court, board, or officer shall, unless otherwise provided, be made payable to the state of West Virginia. As to a forthcoming bond taken under a distress-warrant, the statute has "otherwise provided," to wit, that the bond shall be payable to the creditor. This bond, however, does not comply with that requirement of the statute, for the reasons that the distress-warrant on its face shows that S. B. Hall was not the creditor of C. G. Wadsworth, but, on the contrary, shows that said Hall had made oath that he verily believed that C. G. Wadsworth, her tenant, was justly indebted to her (meaning Jane Hall) in the sum of four hundred and six dollars *etc.;* and again, in the bill of exceptions it appears that it was agreed and admitted that the amount of rent claimed in the warrant of distress was on the date of said warrant due and unpaid to Jane Hall under said lease, but that no rent was due or owing by the defendants, or either of them, to Sanford B. Hall otherwise than as above, but that the debt demanded in said action was and is for the rent reserved to Jane Hall under said lease. This makes it clear that Jane Hall was and is the creditor to whom said bond should have been made payable, and shows that it was intended that such forthcoming bond should be made payable to the creditor.

The sixth section of chapter 142 of the Code provides that, "if any such bond be at any time quashed, the obligee, besides his remedy against the officer, may have execution on his judgment, or issue such distress warrant as would have been lawful if such bond had not been taken." It is at once apparent that this language would not have been used if it had been intended or contemplated that such bonds should be made payable to any person other than the creditor.

This bond, then, can not be regarded as coming within the plain and positive requirements of the statute, and can not, therefore, be considered good as a statutory bond. Is it such a bond as could be enforced as a common-law bond?

It does not always follow that a bond taken by an officer which does not conform strictly to the statute in all respects, though it may be properly considered bad as a statutory bond, must so be considered as a common-law bond; and, upon an examination of the authorities bearing upon the question, a marked distinction will be found between the rulings of the courts in cases where the question is raised by motion for an award of execution upon a forfeited forthcoming bond, and where an action of debt is brought upon the bond against the obligors therein.

In the case of *Meze* v. *Howver*, 1 Leigh, 442, a writ of *fieri facias* was issued in favor of Mays & McClung against Meze, on which writ they endorsed that said execution was for the benefit of Howver. The sheriff levied the execution on defendants' property, and took a forthcoming bond from him, payable, not to the plaintiffs, but to Howver. The bond was forfeited, and Howver moved the Circuit Court, in his own name, for judgment and award of execution upon it, and the court awarded execution accordingly. The case was taken to the court of appeals, which court held that, the bond not having been made payable to the creditor, execution could not be awarded upon said motion, as under the statute the creditor was the person entitled to sue out the execution, and the bond was considered and held faulty as a statutory bond.

Again, in the case of *Downman* v. *Chinn*, 2 Wash. (Va.) 189, it was held that a forthcoming bond, which was made payable to the sheriff instead of to the creditor, was faulty, and, the same having been quashed in the court below on motion, the judgment was affirmed.

In the case of *Johnstons* v. *Meriwether*, 3 Call, 454, it was held that "if a forthcoming bond be not good as a statutory bond, it may be good as a bond at common law." That was a case in which the sheriff was interested. It appears that a judgment had been obtained against the sheriff, and an execution issued thereon was placed in the hands of the coroner, who levied the same on the property of said sheriff, who thereupon executed a forthcoming bond, which was made payable to the coroner, instead of being made payable to the judgment-creditor, in conformity with

the statute, and the bond was informal in other respects; the execution having been levied upon certain slaves belonging to the judgment-debtor. The condition of the bond, among other things, provided that "if the said slaves, together with as many more, under as good a title as the above said slaves, are delivered to the said Meriwether when required on the same plantation for sale, then the above obligation to be void; otherwise to remain in full force."

The condition of said bond having been broken, said Meriwether brought a suit upon the same, and, after stating in the declaration the bond and condition, assigned the breach thereof, as follows: "And the plaintiff in fact saith that, in consequence of the said writing obligatory, he delivered up the slaves therein mentioned, on which he had levied an execution by virtue of his office of coroner for the said county, but that neither the said slaves, nor as many more under as good title as the said slaves, were by the said defendants, or either of them, redelivered to the said plaintiff, when required, according to the conditions of the said writing obligatory; but, although the said defendants were often required to deliver to him the said slaves, or as many more as aforesaid, they, the said defendants, constantly refused to do so, and did not deliver the said slaves, or either of them, or any slave or slaves in lieu thereof, to be sold as aforesaid to the said plaintiff, as by the said defendants' undertaking in the condition of the said writing obligatory they were bound to do; whereby," *etc.* In a suit upon this bond issue was joined on the plea of conditions performed, and verdict was given and judgment rendered for the plaintiff, Meriwether, for the sum of seven hundred and fifty pounds, and on motion for a writ of error the court of appeals unanimously rejected the motion, holding said bond good as a common-law bond.

If, however, there should be any good reason for hesitation in pronouncing the bond under consideration sufficient as a common-law bond, there can be no question that the doctrine of estoppel applies in this case; and the defendant Wadsworth, after voluntarily executing the bond, and enjoying the benefits it conferred, to wit, of retaining in his

possession the property levied upon, can not be heard to dispute its regularity and validity in defence of a suit upon the bond.

In the case of *Shaw* v. *McCullough*, which is reported in 3 W. Va. 260, an execution was issued and levied, and a forthcoming bond taken and forfeited; and, upon a motion for an award of execution upon the bond having been forfeited, the motion was resisted by the defendant on the ground that the execution had been levied after its return-day, and this Court held that the obligors, having voluntarily executed the bond, were estopped from all inquiry as to the regularity and validity of the levy of the execution upon which it was taken.

Again, in the case of *Railroad Co.* v. *Vanderwarker*, 19 W. Va. 265, a bond was given signed by D., the attorney of the appellant, which recited that a *supersedeas* had been allowed to the decree, the appeal was subsequently dismissed, and execution was issued on the decree, and it was held that B. was estopped from denying that a *supersedeas* issued. It was also held that "if a party has enjoyed the benefit of a *supersedeas* bond, though it was executed by his attorney at law alone, when the law required it to be executed with security, in a proceeding to enforce the debt after the appeal has been dismissed he is estopped from alleging that the *supersedeas* bond was invalid."

It was held also in the case of *U. S.* v. *Hodson*, 10 Wall. 395, that "where a statute directs a bond to the government to be given by persons exercising certain employments, and to be conditioned for the performance of several particular acts, which it specifically states, and the agent of the government takes a bond conditioned, not in the specific way that the statute directed, but for the parties' compliance with 'all the provisions' of the act, 'and such other acts as are now or as may hereafter be in this behalf enacted,' the bond, if it have been volutarily given, and is not contrary to law or public policy, is valid as against a party who has enjoyed benefits under it."

Again, in the case of *Adler* v. *Green*, 18 W. Va. 201, this Court held that a forthcoming bond, which provides for the delivery of the property on a day different from the day of

sale fixed in the bond, is not a good statutory bond; and the sheriff's or other officer's return of "Forfeited" on such bond is not even *prima facie* evidence of the truth thereof; and that "such a bond, though not good as a statutory bond, is good as a common-law bond, if there is no other objection to it."

Now, in the condition of the forthcoming bond under consideration, the recital sets forth that the distress warrant was in favor of S. B. Hall, agent of Jane Hall, and against said C. G. Wadsworth, for the amount due, including interest and costs; and that said distress warrant had been levied upon eighteen head of two-year-old cattle, and sixty head of sheep; and that on the execution of the bond the officer had permitted the same to remain in the possession of the said C. G. Wadsworth; and, under the rulings in the cases above cited, the defendant Wadsworth would be estopped from denying that said warrant of distress was in favor of S. B. Hall, agent of Jane Hall, or that the property levied on thereunder was, on the execution of said bond, permitted to remain in his possession. This bond, then, having been voluntarily executed by the defendant Wadsworth, and he thereby having derived the benefit of retaining his property levied on by the officer in his possession until the day of sale, he is estopped from alleging that said injunction-bond is invalid.

Under our statute, however (section 5, c. 142, Code) it is provided that, "in an action or motion on such bond, when it is taken under a distress-warrant, the defendant may make defence on the ground that the distress was for rent not due, in whole or in part, or was otherwise illegal." Under this section of the statute the defendant filed a plea or writing, as follows: "Defendants for plea say that at the time of the suing out of the warrant mentioned in the condition of the writing obligatory set out in the plaintiff's declaration there was no rent due from the defendant C. G. Wadsworth to the plaintiff, and this the defendants are ready to verify; whereupon they pray judgment" *etc.*

This plea was demurred to by the plaintiff, which demurrer was overruled by the court, and thereupon the plaintiff replied generally thereto, and issue was thereon

joined. The defence set up by this plea is one that is authorized by the statute; it does not directly traverse the matters averred in the declaration, but sets up new matter, and concludes properly with a verification. We see no objection to the form of the plea, and as the matter is such as the statute authorizes the defendant, in an action of this character, to plead and rely upon. I think the demurrer was properly overruled.

Upon the trial it was agreed and admitted by the parties that the amount of rent claimed in the warrant of distress was on the date of said warrant due and unpaid to Jane Hall under said lease dated March 28, 1881, but that no rent was due or owing by the defendants, or either of them, to Sanford B. Hall, other than as above; but that the rent demanded in said action was and is for the rent reserved to Jane Hall under said lease, and for no other cause of action, in whole or in part. The distress-warrant also shows that the rent was due Jane Hall. Under the statute (section 10, c. 93, Code) the affidavit for the distress-warrant may be made by the party claiming the rent or his agent. In this instance it appears to have been made by S. B. Hall as agent for Jane Hall, and it appears from said warrant that said agent had made affidavit that the defendant Wadsworth was justly indebted to her in the sum of four hundred and six dollars, including interest for rent reserved upon contract. The forthcoming bond on its face recites that said warrant of distress was issued in favor of S. B. Hall, agent of Jane Hall, which informality or irregularity, as we have seen, can not be taken advantage of by the defendant, who has enjoyed the benefits of the bond. The declaration shows on its face that the suit is for the use and benefit of Jane Hall, and, for reasons before stated, my conclusion is that the court committed no error in overruling the demurrer to the declaration, or in overruling the demurrer to said plea; but, upon the evidence adduced, we are of opinion that there was no error in the judgment rendered by the court, and for the foregoing reasons said judgment must be affirmed, with costs and damages to the defendant in error.

AFFIRMED.