# CHARLESTON.

## McCray v. Craig & Sons.

Submitted February 28, 1911.     Decided February 27, 1912.

1. APPEAL AND ERROR—*Record—Scope and Contents—Bill of Exceptions.*

    A bill of exceptions intended to make the evidence in a case a part of it, but adopting no means by which any paper can be identified with reasonable certainty as a transcript of the evidence or as containing it, does not make it a part of the record. (p. 736).

2. ASSUMPSIT, ACTION OF—*Pleading—Declarations.*

    In a special count in *assumpsit* on a contract to do a number of things, several breaches thereof may be assigned. (p. 737).

3. PLEADING—*Allegations in General—Construction—General Rules.*

    Ordinarily the general rules of interpretation, applicable to

contracts and other instruments, may be resorted to for ascertainment of the meaning and legal effect of pleadings.    (p. 737).

(Brannon, President, absent).

Error to Circuit Court, Pocahontas County.

Action by McCray and others against Craig & Sons.    Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*John W. Davis, W. A. Bratton, John A. Preston,* and *Mollohan, McClintic & Mathews,* for plaintiffs in error.

*F. R. Hill* and *Price, Osenton & Horan,* for defendants in error.

Poffenbarger, Judge:

A defect in the bill of exceptions taken in this case precludes consideration of any of the assignments of error, based upon the action of the court in admitting and excluding evidence, giving or refusing instructions and overruling the motion to set aside the verdict.    It contains no descriptive matter, affording means of identifying any paper as one embracing the evidence.    An order makes a paper styled "General Bill of Exceptions" part of the record, but it says only this as to the evidence:    "And the defendant hereby tenders this, his general bill of exceptions, which contains all of the evidence and rulings of the court in this cause, not shown in the orders."    Nothing purporting to be evidence is actually contained in it, nor is there in it a word purporting to incorporate therein anything as evidence by adoption of any other paper or reference thereto.    The order, making the bill a part of the record, says the defendant had had the evidence duly transcribed by the court stenographer and "embodied in the General Bill of Exceptions" and that the bill of exceptions had been completed and the evidence transcribed and presented to the judge; but the order, like the bill, actually contains nothing purporting to be evidence nor by any means of indentification adopts any other paper, containing evidence. Blanche Bays, designating herself as official reporter, certifies apparently full and complete evidence in the case, but no order shows her appointment as stenographer for the purposes of the trial.    Her certificate is not enough to bring the evidence into the record.    That can be done only by an order of the court or

certificate of the judge in some form. The statutory method of making the record is exclusive. Though others may be just as good in point of fact, the court cannot adopt them, because the law requires the act of addition or annexation to be done in a particular manner, impliedly excluding all others. Even the liberal rule, applied in *Marshall* v. *Stalnaker*, 70 W. Va. 394, following *Jackson* v. *Railroad Co.*, 65 W. Va. 415, and *De Board* v. *Camden &c. Co.*, 62 W. Va. 41, falls short of the exigency presented here. *Dudley* v. *Barrett*, 58 W. Va. 235, rules the question and determines it against the plaintiff in error.

The assignment of error, challenging the sufficiency of the declaration, the only one having any basis in the record, is untenable. The common counts in the usual form are obviously good, and the special count on the contract for logging timber and peeling bark is direct, positive and specific as to one item, compensation for the work done. Other items were for extra work caused by failure of the defendant to remove the delivered logs from the yards along the railroad, as contemplated by the contract and to extend its railroad to a certain point, and for the hire of a horse used in the work. Nothing in the contract suggests any basis of liability for horse hire, but the other claims might arise upon breaches of implied undertakings of the contract. These are not in terms predicated on the contract, but that instrument is fully set out in the count and the general averments of duty must necessarily be read in connection with it, and to this there is added an allegation of a promise to pay all of said sums. Only certainty to a common intent is required and generally the ordinary rules of interpretation apply to pleadings. *Ceranto* v. *Trimboli*, 63 W. Va. 340; *Cameron* v. *Hicks*, 65 W. Va. 484. The blending of the three items, thus shown with reasonable certainty to have arisen out of breaches of the contract, is allowable under the rules of pleading. In actions to recover damages for non-performance of a special contract, a breach of each stipulation, or implied agreement, may be alleged in one count. 1 Chitty Pl. (11 Am. ed.) 333-4 mar. pp. 333, 334; *Bressy* v. *Humphreys*, Cro. Jac, 557; *Smith* v. *B. C. M. Railroad*, 36 N. H. 458. See form in 2 Chitty Pl. (11 Am. ed.) mar. p. 332.

Finding no error in the judgment, we affirm it.        *Affirmed.*