# CHARLESTON.

WILBUR HALL *v.* JAMES A. SHELTON.

Submitted April 3, 1923.   Decided April 17, 1923.

1. APPEAL AND ERROR—*Evidence Not a Part of Record by Proper Bill of Exceptions not Considered Upon a Writ of Error.*

   Evidence introduced upon the trial of an action will not be considered here upon a writ of error unless the same has been made a part of the record by a proper bill of exceptions. (p. 595).

2. SAME—*Bill of Exceptions Though Made up and Signed by Trial Judge Within Proper Time, Not Sufficient Unless Within Same Time an Order Also be Signed and Certified as Provided by Section 9 Chapter 139, Barnes Code 1923.*

   Though a bill of exceptions be made up and signed by the trial judge within thirty days after adjournment of the term at which the trial was had or final judgment entered, it does not become a part of the record so as to be considered here upon a writ of error unless within the same time an order

be also signed and certified to the clerk for record as provided by section 9 of chapter 131 Barnes' Code 1923. (p. 593).

3. SAME—*Omission of Order Required by Statute not Cured by Entry of Order of Trial Court More Than 30 (Thirty Days) After the Term at Which the Trial was Had or Final Judgment Entered, Overruling Defendant's Motion to Enter a Nunc Pro Tunc Order Showing that Such Bill of Exceptions was Presented to the Court During the Same Term But Certifying that the Same was Presented and Duly Signed by the Judge on the Day it Purports to Have been Signed.*

An order of the trial court entered more than thirty days after the term at which the trial was had or final judgment entered, overruling defendant's motion to enter a nunc pro tunc order showing that such bill of exceptions was presented to the court during the same term, but certifying that the same was presented and duly signed by the judge on the day it purports to have been signed, will not cure the omission of the order required by the statute. (p. 595).

4. SAME—*Bill of Exceptions, Court or Judge Trying Case is Without Jurisdiction to Sign Bill of Exceptions After Expiration of Thirty Days' Extension Given by Statute.*

After the expiration of such thirty days' extension given by the statute for making up and certifying bills of ecxeptions the court or judge trying the case is without jurisdiction thereafter to do so. (p. 596).

5. SAME—*Short Hand Reporter's Transcript—Authenticated Transcript of Evidence by Short Hand Reporter Does not Obviate Necessity of a Proper Bill of Exceptions Making such Evidence a Part of the Record.*

The provisions of section 3 of chapter 98 Acts 1921, relating to shorthand reporters, providing for the making up and authentication of a transcript of the evidence and for the use thereof afterwards in making up the record for appeal, do not do away with the requirement of a proper bill of exceptions making such evidence a part of the record. (p. 596).

Error to Circuit Court, Kanawha County.

Action by Wilbur Hall against James A. Shelton. Judgment for plaintiff and defendants bring error.

*Affirmed.*

*H. D. Rummell* and *Donald O. Blagg,* for defendant in error.
*Byrne, Littlepage & Linn,* for plaintiff in error.

MILLER, PRESIDENT:

Defendant would have us reverse the judgment below in favor of plaintiff against him on the verdict of the jury for $4,000.00, in an action for personal injuries due to his alleged negligence in driving his automobile upon plaintiff and his motor cycle on one of the streets in the City of Charleston.

The only points of error assigned and relied on involve consideration of the evidence adduced before the jury. To what extent we may consider any of these points depends upon whether either the evidence or the instructions, or any of them, are properly before us. The contention of plaintiff's counsel is that they are not.

From the orders of the circuit court we learn that the trial of the case was begun before the jury and concluded on September 24, 1921, resulting in the verdict aforesaid; that a motion was then made by defendant to set aside the verdict and award him a new trial, assigning as one of the grounds that the verdict was contrary to the law and the evidence, and further that the court admitted improper evidence on behalf of the plaintiff, and refused to admit proper evidence on behalf of the defendant, and also gave to the jury improper instructions on behalf of the plaintiff and rejected proper instructions offered on his behalf, which motion the court then took time to consider.

On a later day—namely, on December 15, 1921, by an order then entered—the court overruled the motion to vacate the verdict and pronounced the judgment complained of; but on motion of defendant by counsel the judgment was suspended for the period of forty-five days, to enable him to make application to this court for a writ of error. But the record is silent as to any certificate of evidence or bills of exceptions, except that the order shows that defendant excepted to rulings of the court.

However, there appears in the certified transcript and in the printed record now presented what purport to be three several bills of exceptions, "Bill of Exceptions No. 1," "Bill of Exceptions No. 2," and "Bill of Exceptions No. 3," the first purporting to be a certificate of the evidence, certified, in the first place by Ruel E. Sherwood, Official Shorthand

Reporter, on January 3, 1922, and secondly, by A. P. Hudson, Judge of the Circuit Court of Kanawha County, on January 11, 1922; the second purporting to contain plaintiff's instructions (Nos. 1 and 2, given over the defendant's objection, also instructions for defendant Nos. 1, 2, 3 and 4, of which No. 2 was refused, and the others refused as prayed for, but modified and given as modified, to which modification defendant excepted, and to the refusal to give No. 2 in toto defendant also excepted.

We may take judicial notice that the term of the circuit court at which the case was tried before the jury and that at which the motion for a new trial was disposed of had ended before these bills of exception were signed by the judge, for the next following term began by operation of law on the 9th day of January, 1922, and as no order was made in court or by the judge in vacation within thirty days after the adjournment of said term allowed by law for making up and certifying bills of exceptions, as provided by section 9, chapter 131 of Barnes' Code, 1923, the evidence, we do not think, can be considered for any purpose. We held in *McKenzie* v. *Mackall*, 85 W. Va. 391, construing this statute, that evidence introduced upon the trial of an action will not be considered upon a writ of error unless the same is made a part of the record by proper bill of exceptions.

We also held in prior cases, that although proper bills of exceptions may have been made up and signed within thirty days after the adjournment of the term, they are not properly a part of the record so as to be considered by the appellate court unless the judge has within the same time certified them to the clerk by an order to be recorded. *Jones* v. *Harmer*, 60 W. Va. 479; *Yates* v. *Crozer Coal & Coke Co.*, 76 W. Va. 50; *Penix* v. *Grafton*, 86 W. Va. 278.

On March 17, 1923, after the case had been matured for hearing here, as appears from a certified copy of the order, the defendant by counsel appeared in the circuit court and endeavored to get that court to enter a *nunc pro tunc* order, which would show that on January 11, 1922, and at the same term at which the final order and judgment was entered, he presented to the court his three bills of exceptions, and that each of them were on that day duly signed, sealed and

made a part of the record, and that by inadvertence no final order was entered making them a part of the record; but the court declined to enter such order, but undertook to certify that the bills of exceptions set forth in the printed record of the case now pending here were duly signed by the court on January 11, 1922. This fact already appeared, if we could look to the transcript or printed record.

Is such an order sufficient to supply the omission? We do not think it is. Before section 9 of chapter 131 of the Code was so amended as to extend the time, all bills of exceptions had to be made up and signed and made a part of the record during term time. The court was without jurisdiction to do so afterwards. Now they must be made up, signed and certified to the clerk by an order within thirty days given by the statute, and the court is without jurisdiction to do so afterwards. *Crowe* v. *Corporation of Charles Town,* 62 W. Va. 91. Otherwise they do not become a part of the record so as to be considered upon a writ of error. *Miller* v. *Starcher,* 86 W. Va. 90. Of course, if before the expiration of the thirty days another term of the court should intervene, the jurisdiction of the judge to complete the record would not be thereby curtailed.

It was suggested at the bar that section 9 of chapter 131 may have been amended by section 3, chapter 98, Acts 1921. This chapter relates alone to "Shorthand Reporters." Section 3 requires them to furnish, upon request, to any party to a case a copy of the testimony or other proceedings written out in longhand or typewriting and to certify it as being correct. And it also provides that a copy of such testimony or proceedings, "when certified by the official reporter and by the judge of the court, shall be authentic for all purposes, and may be used in making up the record on appeal"; and that "in all cases of appeal," the reporter "shall also make a carbon copy of the testimony and proceedings required, which carbon copy shall be filed in the office of the clerk of the court in which the trial or proceeding was had, to be used, if necessary, in making up the record or appeal; and the said clerk shall not be entitled to any fee for that part of the record in any case wherein the testimony or proceedings so transcribed and certified by said official reporter shall be used in

said record.'' Manifestly this statute was intended as a
means of preventing duplication or triplication of costs in
appeal cases, not to do away with the necessity of making up
in an orderly way the record by proper bills of exceptions
timely taken and certified. If the evidence has been certified
by the reporter and the judge and so authenticated, of course
it may be used and incorporated into a bill of exceptions and
certificate of evidence by reference thereto; and in that case
the clerk in making up a transcript would be required to
use the carbon copy of the testimony. But this statute con-
tains nothing indicating intention to do away with bills of
exceptions. A party contemplating an appeal or writ of
error may preserve the evidence and get the benefit of the
statute to that extent, but he is not bound to have the evidence
transcribed and a carbon copy made as provided. He may
at any time apply to the reporter for a transcript of his notes
and make use of the same in making up and having certified
his bill of exceptions as before the amendment. We think
if the legislature had intended to repeal or modify so impor-
tant a statute as section 9 of chapter 131, the general statute
on ''Trial,'' it would have done so, not by any indirect
method, but by a direct, clear and unequivocal enactment.
There is nothing in the act relating to shorthand reporters
that says that the testimony so transcribed and certified
shall be a part of the record without more, but only when so
certified it may be used in making up the record. When so
certified it may be resorted to in making up and certifying
bills of exceptions, but it takes some formal order or bill of
exceptions to make the testimony a part of the record.

A piece of contemporaneous legislation is somewhat signifi-
cant. At the same session of the legislature there was enacted
chapter 68 Acts 1921, amending and re-enacting section 23
of chapter 131 Barnes' Code 1918, and as so amended it is
now section 23 of chapter 131 Barnes' West Virginia Code
1923, relating to instructions to the jury, saying: ''All in-
structions shall be read by the court to the jury as the action
and ruling of the court without reference to or disclosing
the party by whom they may have been prayed. Every in-
struction or charge when read to the jury shall, with the ob-
jections or exceptions thereto, indorsed thereon, become a

part of the record in the case and shall be included and copied in any transcript of the record without the formality of a bill of exceptions.''

It will be observed that this statute only does away with the necessity of a bill of exceptions as to *instructions which are read to the jury* with *the objections* thereto, if any, *indorsed thereon.* There is here· no provision for making instructions not so read to the jury—instructions which are rejected—a part of the record.

Our conclusion is that for want of a proper bill of exceptions the evidence adduced on the trial is not before us and can not be considered; and this being so, the instructions, if we could consider them a part of the record under the provisions of said section 23, chapter 131 of the Code, have no relevancy.

And no error being assigned or relied on not involving the evidence and none being perceived in any part of the record before us, we are of opinion to affirm the judgment.

*Affirmed.*