# CHARLESTON.

ARTHUR BELCHER *v.* TOWN OF MULLENS

(No. 5929)

Submitted November 8, 1927.   Decided November 15, 1927.

APPEAL AND ERROR—*Errors Involving Consideration of Evidence Certified by Trial Judge, But Not Certified to Clerk Within Legal Time, Will Not be Considered.*

> Errors assigned and relied on in a petition for a writ of error involving a consideration of the evidence certified by the trial judge, but not made a part of the record by an order duly made and certified to the clerk within the time prescribed by law, will not be regarded on a hearing of the case here on such writ of error.

> (Appeal and Error, 4 C. J. § 1783 [Anno].)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Assumpsit by Arthur Belcher against the Town of Mullens. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Grover C. Worrell* and *D. D. Moran,* for plaintiff in error.
*Toler & Shannon,* for defendant in error.

MILLER, JUDGE:

In this action of assumpsit plaintiff before the court and the jury obtained a verdict and judgment for $369.00 and costs. From that judgment the defendant brought the case here on a writ of error.

The three several errors relied upon in the petition all involve questions supposed to be presented by the evidence. No brief has been filed here by counsel for the plaintiff in error, and it is objected by the defendant in error to a consideration of any of the points relied upon that the evidence was not properly made a part of the record by any bill of exceptions or order of the court. We find in the transcript

certified here what purports to be a bill of exceptions signed and sealed by the trial judge, but this record contains no order directing said bill of exceptions to be made a part of the record within the time prescribed by law, nor indeed within any time. The record is wholly wanting of any such proceeding designed to complete the record.

As no questions are presented which do not involve a consideration of the evidence in the case, not a part of the record, as we have decided on numerous occasions, they cannot be regarded, and the judgment must be affirmed. *Paul* v. *Shelton,* 93 W. Va. 592, and the cases therein cited.

The judgment is therefore

*Affirmed.*