O. J. PERKINS *v.* W. R. HANNA *and* MARY R. HANNA

(No. 9611)

Submitted January 16, 1945. Decided March 10, 1945.

*John A. Lile, Homer A. Holt* and *Brown, Jackson & Knight,* for plaintiffs in error.

*Mahan, Bacon & White,* for defendant in error.

KENNA, JUDGE:

The defendant below prosecutes this writ of error against a judgment of the Circuit Court of Greenbrier County entered in an action of trespass on the case, and upon final submission the defendant in error in writing moved to strike from the record "Bill of Exceptions No. 1", and to dismiss this writ of error because there is no record entry making the transcript of the testimony a part of the record by bill of exceptions or otherwise, and that the several assignments of error are all based upon the insufficiency of the proof to sustain the verdict or upon the giving or refusing of instructions to the jury, and therefore cannot be considered by this Court in the absence of the evidence. The plaintiff in error does not contend that any one of the assigned points of error could be sustained by this Court if the testimony below is not a part of the record here, so that it follows if "Bill of Exceptions No. 1" is stricken, the writ must be dismissed.

On the twentieth day of October, 1943, within sixty days from the final adjournment of the July term of the Circuit Court of Greenbrier County, during which the judgment complained of was entered, "Bill of Exceptions No. 1" was settled and signed by the judge of that court. This occurred during the court's vacation. The paper in question without the evidence reads as follows:

"CERTIFICATE OF ALL THE EVIDENCE AND
PROCEEDINGS REPORTED.

DEFENDANTS BILL OF EXCEPTIONS NO. 1

"Be it remembered, that heretofore, to-wit: on the 3rd, day of August, 1943, the same being one of the Judicial days of the July, 1943, term of said Court, this cause came on for trial before the Honorable M. L. Jarrett, Judge of said Court, and a jury, in the court room at the Court House in said

County and State, whereupon the following proceedings were had and testimony taken in due form of law.

"Thereupon, the plaintiff to maintain the issue on his part introduced to the Court and jury the following evidence:

(Here follows plaintiff's evidence in chief.)

"The defendants, to maintain the issue on their part introduced to the court and jury the following evidence, to-wit:

(Here follows defendants' evidence in chief.)

"Thereupon to further maintain the issue on his part the plaintiff offered the following evidence in rebuttal:

(Here follows plaintiff's evidence in rebuttal.)

"I, M. L. Jarrett, Judge of the Circuit Court of Greenbrier County, West Virginia, do hereby certify that the foregoing is a true and correct transcript of the evidence introduced on the trial of the above mentioned case held on the 3rd day of August, 1943.

"And the undersigned Judge of said Court further certifies that the foregoing evidence was all the evidence introduced to the Court and jury on behalf of the plaintiff·and as well also all the evidence introduced to the Court and jury on behalf of the defendants upon the trial of the foregoing case, together with the objections of the respective parties thereto, as well as the rulings of the Court thereon, and the exceptions of the respective parties to such rulings.

"And inasmuch as the foregoing matters and things do not appear of record in this case, the defendants, W. R. Hanna and Mary R. Hanna, by counsel, here tender this their Bill of Exceptions, marked for identification, 'Certificate of all the Evidence and Proceedings Reported, Defendants Bill of Exceptions No. 1,' and pray that the same be signed, sealed and saved· to them and made a part of the record in this case.

"All of which is accordingly done this 20th day of October, 1943, and within sixty days from the final adjournment of the July, 1943, term of the

Circuit Court of Greenbrier County, at which the judgment complained of was entered.

M. L. JARRETT,
Judge of the Circuit Court of
Greenbrier County, West Virginia."

The plaintiff in error, in resisting the motion to dismiss, advances the contention that the paper used should now be looked upon not as a bill of exceptions but as a certification of the evidence by the trial judge under the provisions of Code, 56-6-36, and that since the section referred to contains no provision requiring a certification of evidence to be made a part of the record by order, such an added requirement would be judicially imposed and would defeat the obvious purpose of the certification provision, which is to simplify appellate procedure.

We are of the opinion that the paper under consideration must be treated as a bill of exceptions, since we believe that that is its form and substance, despite the words added to its title and the added superfluous language in its body. To treat it as a certification would be a definite contradiction of both its wording and form. Code, 56-6-35, dealing with bills of exception, also requires the court when necessary to certify all of the evidence, so that the fact that the correctness of the transcript is certified by the trial judge does not determine the nature of the paper as between a bill of exceptions under Code, 56-6-35, or a certification in lieu thereof under Code, 56-6-36. We therefore think that the additions to the paper before us are to be properly regarded as a meticulous effort to comply fully with the requirements of Code, 56-6-35. We believe that this position is fortified by the fact that Code, 56-6-36, dealing with certification in lieu of a bill of exceptions, provides verbatim an approved form of certification. This statutory form is not used in this instance, and, while the provision is not mandatory, the paper before us if subjected to either of two classifications, under both of which certification of the evidence is necessary, the exact use of a legislatively approved form might be decisive. Here we do not find it. There is no prescribed statutory form

of certifying evidence included in the sections dealing with bills of exception.

On behalf of the plaintiff in error it is urged that since Code, 56-6-35, provides that if the bill of exceptions is signed by the judge in vacation he shall certify the same to the clerk of the court who shall enter the certification upon the order book whereupon "* * * * any such bill of exceptions so made in vacation shall be a part of the record and have the same effect as if made in term.", and that since it appears that the judge in this instance had signed the bill of exceptions and certified the transcript, the clerk's duty to enter both the certification and the bill of exceptions upon the order book being merely ministerial under a mandatory provision, should be regarded as having been performed. In *Hall* v. *Shelton,* 93 W. Va. 592, 116 S. E. 12, the bill of exceptions had been certified by the trial judge in vacation within the proper time but no order had been entered making it a part of the record. This Court held that the evidence included in the bill had not been made a part of the record, and dismissed the writ of error due to the fact that the assigned points could not be considered. True, the *Shelton* case was decided before the present statute was enacted in the Code of 1931, but a comparison of its provisions with those of Section 9 of Chapter 131 of Barnes Code of 1923 shows no material difference in wording, and the discussion found in *Monongahela Railway Company* v. *Wilson,* 122 W. Va. 467, 10 S. E. (2nd) 795, applies the present statute under the former cases. Under none of them does the settling and signing of bills of exception in vacation make them, without an order or certificate to be entered of record, a part of the record. The statutory provision is that then it "shall have the same effect as if made in term".

It is urged on behalf of the plaintiff in error that the paper under consideration should be treated as a certification of the evidence under Code, 56-6-36, and, further, that if so regarded it is unnecessary to make it a part of the record by order or certificate entered of record to have it considered on writ of error.

In considering the two lengthy sections dealing with them separately, it becomes quite evident that the Legislature intended to preserve bills of exception and the rules governing their use and also to provide a simplified method of accomplishing the same result, the Revisers being influenced, no doubt, by the history of certification in Virginia where between 1916 and 1919 that was the sole way of enlarging the record in actions at law so as to include a transcript of the testimony, the statute relating to bills of exceptions having been replaced by the certification statute in 1916 and reenacted in 1919, the Virginia statutes having since provided both methods. If our Legislature had intended that a single paper could partake of the nature of both and be treated as either by this Court on writ of error, it would certainly have so stated. In our opinion to hold that the paper before us is not a bill of exceptions would be to plainly contradict its treatment by the trial judge, as well as its wording, form, and substance. It therefore follows, due to the fact that it was not made a part of the record by order or certificate, that the evidence is not in the record before us, the assignments of error cannot be considered, and the motion to dismiss must be sustained. It is so ordered.

*Writ dismissed.*

Rose, Judge, dissenting:

I consider the evidence in this case as certified with sufficient formality, under the provisions of Code, 56-6-36, to bring it into the record, and that, being so certified, it is a part of the record of the case without a formal order for that purpose.

Every formal bill of exceptions relating to evidence includes a certificate of that evidence. Our statute so requires. Code, 56-6-35 provides that "if the action or opinion of the court be upon any question involving the evidence or any part thereof, either upon a motion for a new trial or otherwise, the court shall certify all the evidence touching such question, * * *." The bill of exceptions in this case embodies such a certificate. The evidence is set out in full,

followed by an attestation by the judge which includes these paragraphs:

> "I, M. L. Jarrett, Judge of the Circuit Court of Greenbrier County, West Virginia, do hereby certify that the foregoing is a true and correct transcript of the evidence introduced on the trial of the above mentioned case held on the 3rd day of August, 1943.
>
> And the undersigned Judge of said Court further certifies that the foregoing evidence was all the evidence introduced to the Court and jury on behalf of the plaintiff and as well also all the evidence introduced to the Court and jury on behalf of the defendants upon the trial of the foregoing case, together with the objections of the respective parties thereto, as well as the rulings of the Court thereon, and the exceptions of the respective parties to such rulings."

The sole requirement of the statute in regard to the form of certification is as follows:

> " * * *. Such certificate shall be inserted or appended at the end of such transcript and may be substantially as follows:
>
> The foregoing transcript contains all the evidence and testimony introduced or reported, and all the proceedings reported, on the trial of this cause. Teste: this........day of..............., 19......,
> .............................................., Judge; * * *." Code, 56-6-36.

Nor does it matter that the certified evidence is embodied in an attempted bill of exceptions. Pleadings and other papers in a case are to be interpreted precisely as any other written instrument. *McCray* v. *Craig,* 70 W. Va. 735, 75 S. E. 79; *Town of Cameron* v. *Hicks,* 65 W. Va. 484, 64 S. E. 832. Any instrument in writing may be in legal effect far less than was intended or purported. The title of an instrument does not determine its character. An ostensible deed may fail as such and yet be effective as something else. *Garten* v. *Layton,* 76 W. Va. 63, 84 S. E. 1058; *Weinrich* v. *Wolfe,* 24 W. Va. 299. A writing purporting to be a bond may operate as a will. *Roberts* v. *Coleman,* 37 W. Va.

143, 16 S. E. 482. An attempted statutory bond may so operate only as a common law bond. *Chambers* v. *Cline,* 60 W. Va. 588, 55 S. E. 999; *Hall* v. *Wadsworth,* 35 W. Va. 375, 14 S. E. 4. A verified answer under certain circumstances may be effective only as an affidavit. *First Nat. Bank of Ceredo* v. *Huntington Distilling Co.,* 41 W. Va. 530, 23 S. E. 792. The principle illustrated by these random cases is general. It has been applied in a case precisely like the one before us. Our statute relating to the use of a certificate of evidence in lieu of a bill of exceptions is taken almost verbatim from the Code of Virginia. In *Ellis* v. *Town of Covington,* 122 Va. 821, 94 S. E. 154, a bill of exceptions containing an adequate certificate of evidence was used after the abolition by statute of bills of exceptions, but the evidence therein certified was held sufficiently authenticated for review. The Court said: "The mere form of the exception, therefore, even a formal bill of exception under the former practice, will not prevent its consideration, if the provisions of the act are substantially complied with." There is, therefore, no legal obstacle discoverable which will prevent our regarding this certificate of evidence as precisely what it is and ignoring wholly the attempt to embody it in a bill of exceptions.

Code, 56-6-36, is the whole law relating to the preservation of the evidence on the trial of an action at law by certificate. The common law provided no machinery for accomplishing that purpose. Even bills of exception are of statutory origin. *Omohundro* v. *Palmer,* 158 Va. 693, 164 S. E. 541, 3 Am. Jur. 239. Within constitutional limits the legislature may authorize such procedure for this purpose as it may see fit. Its power in this field was not exhausted by providing for the use of a bill of exceptions. The section of the statute providing for a certification of the evidence is expressly made an alternative procedure to that by way of bills of exception. The first sentence of the section is: "In *lieu of the bill of exceptions provided by the preceding section,* it shall be sufficient that any matter intended to become a part of the record in any case shall be certified as provided in the following provisions

of 'this section:" (Emphasis supplied.) 'The procedure authorized by section 36 is not supplemental or ancillary to a bill of exceptions, but a wholly independent procedure, complete in itself.

The effect of such certification is not left to doubt or construction, but is precisely stated in subsection (d) of section 36 as follows:

> " (d) Effect of certification in accordance with this section.—In all cases, in order to preserve of record to all intents and purposes any exception to any action, ruling, order or judgment of the trial court, or any matter arising in the course of the trial or hearing of a cause, it shall be sufficient that the trial judge, on the application of any party, shall certify the same simply and substantially in accordance with the provisions of this section;"

This subsection defines exactly the effect of the certification thus provided in the section and states what is necessary, and what shall be sufficient, to preserve of record to all intents and purposes the matters therein dealt with. If this certificate preserves these matters of record to all intents and purposes, what else can possibly be necessary?

The statute in effect says that nothing additional shall be required—that the certificate shall be sufficient. Since the legislature did not require the certificate to be made a part of the record by a formal order, what power has this Court so to do?

Nor can we, with propriety, absorb into section 36, by analogy or otherwise, any of the provisions of section 35 relating to the preservation of evidence by a bill of exceptions. The sections are not parallel or interlocking. Each expressly provides a specific method by which the bill of exceptions and the certification of the evidence, respectively, shall be brought into the record. Section 35 states that a bill of exceptions "shall be made a part of the record" in the case, thereby clearly indicating that it is not a part of the record by virtue of its own character, but must be made such by a formal order. Section 36

contains no such requirement, but directly says that matters certified according to that section shall thereby be preserved of record to all intents and purposes. After this provision it, of course, would be redundant to add that no formal order is necessary to make the certificate a part of the record. That which is by statute made sufficient for a stated purpose is sufficient for that purpose without an additional statement that nothing more shall be required.

Other provisions of the Code interlock with the section under discussion. Section 20 of the article in which section 36 is found, as amended by the Code of 1931, contains the following provision:

> "Every instruction or charge in writing read to the jury and every instruction or charge in writing prayed by any party and refused by the court, provided, in either case, that such instruction or charge have a notation thereon showing the action of the court with reference thereto over the signature of the judge, as provided in the preceding section, shall, together with the objections and exceptions thereto, indorsed thereon, be a part of the record in the case and shall be included and copied in any transcript of the record without the formality of a bill of exceptions or any formal certification provided for in subsequent sections of this article."

These two provisions came into our statutory law by the same act of the legislature, namely, the Code of 1931. There certainly can be no question that under this section 20 instructions authenticated by a judge's signature become part of the record without any formal order for that purpose. This section and section 36 were thus clearly intended to obviate the complications and intricacies then required to make evidence and instructions part of the record. The miscarriage of justice in many, many cases in our reports because of a failure strictly to comply with the requirement of the statute in this regard has been notorious for many years in this jurisdiction. This was the evil sought to be reached and sections 20 and 36 of arti-

cle 6 are plainly the remedy provided. The necessity for bringing instructions and evidence into the record solely by bills of exceptions and formal orders was clearly intended to be, and has been, effectively abolished.

It is not to be assumed that, in making these amendments, the legislature was concerning itself simply with captions and the attestation clause—with the form of the instrument by which evidence, instructions, and such matters were preserved. These were not the evils to be cured. No case is reported in which the evidence or instructions were lost by reason of defects of this character. It has always been the failure to conform to the intricacies of the statute for making record of these instruments that has wrecked so many cases on appeal. Are we to assume that the legislature intended to deal so elaborately with harmless trifles, and to leave untouched the very root of one of the most discreditable evils of our appellate procedure, with which this Court, and every practitioner of law and every court of this state, has so long been painfully familiar? The purpose of the remedy may be deduced from the disease.

Another statute relating to the preservation of evidence in the trial of an action at law is not without significance.

Chapter 98 of the Acts of the Legislature of 1921, deals with shorthand reporters for courts. Section 3 of this chapter requires such reporters to furnish to any party to a case on request "a copy of the testimony or other proceedings, written out in longhand or typewriting", and further provides that: "A copy of such testimony or proceedings, when certified by the official reporter and by the judge of the court, shall be authentic for all purposes, and may be used in making up the record on appeal; * * *." This statute was held not to obviate the necessity for bills of exception and the usual orders making them a part of the record. *Hall* v. *Shelton*, 93 W. Va. 592, 116 S. E. 12. But by the Code of 1931 (51-7-4) this provision was amended so as to read thus: "A transcript of such testimony or proceedings, when certified by the official reporter and by the judge of the court, shall be authentic for all purposes,

and shall be used by the parties to the cause in any further proceeding therein wherein the use of the same may be required. It may be used, without further authentication, in making up the record on appeal, as provided in sections thirty-six and thirty-seven, article six, chapter fifty-six of this Code;" Note that the evidence and proceedings so certified may be used *"without further authentication,* in making up the record on appeal, as provided in *sections thirty-six and thirty-seven,* * * *"; but that section thirty-five, relating to bills of exceptions, of article six of chapter fifty-six, is not mentioned. This statutory provision, enacted simultaneously with section thirty-six, strongly confirms the above appraisal of the latter.

Finally, section 37 of this article is not without significance. It is therein provided that: "The appellate court * * *, wherever necessary to a decision * * *, consider any exception, the evidence or any part thereof * * *, or any other matter *preserved of record* in such cause by the certificate of the trial judge or by bill of exceptions as provided by the two preceding sections, or by the signature of the trial judge as provided by section twenty of this article; * * *". Thus there is recognized by the statute three methods by which such matters may be "preserved of record". A subsequent provision of the statute provides that "* * * all such separate matters, *however made a part of the record,* shall be read and considered together as component parts of one entire record", thus again recognizing that there are more ways than the single one by use of a formal order whereby matters may be brought into the record.

The source from which section 36 is derived does not militate against the view here expressed, to say the least. It comes from the Virginia Code, in substance, and chiefly in form. The Supreme Court of that state has said that the purpose of the act is to provide an informal alternative procedure to the old bill of exceptions, and that it is to be liberally construed. *Ellis* v. *Town of Covington, supra.* No provision of the Virginia Statute requires a certificate of evidence to be made of record by an order, and

no decision of that jurisdiction holds such order necessary. A number of cases in that state deal with the time and manner of certification, but none even intimate that such an order was ever used, thereby indicating it to be of no importance. Our own judicial history is the same. This Court cannot but know that numerous records have come before us with the evidence duly certified but not brought into the record by any entry on the order book of the court, and yet no point hitherto has ever been made of this situation. In *State* v. *Berle,* 117 W. Va. 825, 188 S. E. 481, there was no order making the certificate a part of the record. A motion to strike out the certificate on the ground that it was signed too late was overruled, but the absence of the order was either ignored or not noticed. The motion to dismiss in the present case is based solely on the premise that the instrument before us is a bill of exceptions not of record and nothing else. Apparently neither bench nor bar, in this State nor Virginia, has ever questioned that, under section 36, evidence becomes of record by the certificate alone. This circumstance alone is strongly persuasive of the correctness of the views above expressed.

Judge Fox concurs in this note.

Fox, JUDGE, dissenting:

My concurrence in the dissenting opinion prepared by Judge Rose has been noted. I am of the opinion that the evidence and other proceedings in the trial of the case are properly before the Court, under the provisions of Code, 56-6-36, and adopt as my reasons therefor the arguments used in the dissenting opinion. I am of the opinion, however, that so far as the majority opinion may be construed as holding that a bill of exceptions tendered under the provisions of Code, 56-6-35, and signed in vacation, can only be made a part of the record by that character of order required as to a bill of exception signed in term time, the same is erroneous. In my judgment, a bill of exceptions signed in vacation may be made a part of the

record upon recording the same in the law order book, and that the recordation may contain nothing more than the certificate of the judge.

Of course, whatever the order or certificate may show, there must be an actual signing of the bill of exceptions. *Adkins* v. *Globe Fire Ins. Co.,* 45 W. Va. 384, 32 S. E. 194; *Coal Run Coal Co.* v. *Cecil,* 94 W. Va. 116, 117 S. E. 697. There can be no question but that when a bill of exceptions is signed in term time, a formal order must be entered in term to make it a part of the record. *Monongahela Railroad Co.* v. *Wilson,* 122 W. Va. 467, 10 S. E. 2d 795, and cases there cited.

In *Seibright* v. *State,* 2 W. Va. 591, it was held: "The object of a bill of exception is to spread upon the record and preserve the facts of a case, that the party excepting may have them, and the court's action upon them, reviewed in an appellate court."

Prior to 1891 a bill of exceptions, under the statute, could only be signed in term time. This statute, in its original form, was inherited from Virginia, and appears as Section 9 of Chapter 131 of the Code, 1868, and provides: "In the trial of a case at law in which an appeal lies to the court of appeals, a party may except to any opinion of the court, and tender a bill of exceptions, which (if the truth of the case be fairly stated therein) the judge shall sign, and it shall be a part of the record of the case. If any judge refuse to sign such bill of exceptions, he may be compelled to do so by the court of appeals by mandamus; in which case the bill of exceptions shall be a part of the record to the same extent as if it had been signed by the judge at the proper time. A party may avail himself of any error, appearing on the record, by which he is prejudiced, without excepting thereto." This section was amended in minor particulars by Chapter 206, Acts of the Legislature, 1873, and by Section 9, Chapter 120, Acts of 1882.

The Legislature by Chapter 100, Acts, 1891, amended the above-quoted section in a material way, which will be hereinafter set out in detail. Prior to this amendment,

this Court uniformly held that an order was necessary to be entered by the court to make a bill of exceptions a part of the record. *Phelps & Pounds* v. *Smith & Co.*, 16 W. Va. 522; *Bank* v. *Showacre*, 26 W. Va. 48; *Winters* v. *Null*, 31 W. Va. 450, 7 S. E. 443. See also *Pegram* v. *Stortz*, 31 W. Va. 220, 6 S. E. 485.

By the Act of 1891, referred to above, it is provided, among other things, that the circuit court might in vacation, and within thirty days from the adjournment of the term, sign bills of exceptions and certify the same to the clerk of the court, who was required to enter the certification upon the law order book of the court. It also provided that if an action or opinion of the court be upon any question involving the evidence, or any part thereof, the court should certify all the evidence touching the question, and sign such bills of exceptions as might fairly state the case, and that "it shall be made a part of the record of the case." The clerk of the court was required to enter upon the law order book of the court any bill of exceptions so made in vacation, and it was provided that they should be made a part of the record and have the same effect as if made in term. By Code, 56-6-35, referring to bills of exceptions signed in vacation, it was provided: "If such bill of exceptions be signed by the judge in vacation, he shall certify the same to the clerk of the court, who shall enter the certification upon the order book of such court, and any such bill of exceptions so made in vacation shall be a part of the record and have the same effect as if made in term."

*Griffith* v. *Carruthers*, 42 W. Va. 59, 24 S. E. 569, appears to be the first case decided on this subject after the statute of 1891 was enacted. It was there held that where a judgment is rendered in a case, and the court allows thirty days to make up and obtain from the judge in vacation bills of exceptions, when signed by the judge, they must be certified to the clerk of the court, who must enter them upon the order book of the court before they become a part of the record of the case. This holding was made

a part of the decision in *Craft* v. *Mann,* 46 W. Va. 478, 33 S. E. 260.

In *Wells* v. *Smith,* 49 W. Va. 78, 38 S. E. 547, Judge Brannon, speaking for the Court, said: "A bill of exceptions executed in term must be noted in the record not later than the term of judgment. If in vacation, it must be executed and certified as executed, and ordered to be made a part of the record by the judge within thirty days after the end of the term of final judgment, and the certificate must be recorded in the law-order book, though such recordation need not be within the thirty days; otherwise, the bill will not be treated as part of the record." In the body of the opinion it is said: "There is no order of the judge in vacation certifying the bills. This is absolutely essential. His certificate in vacation takes the place of the record entry in term, and it has been always held that such record entry in term is indispensible." In *Bank* v. *Wetzel,* 58 W. Va. 1, 50 S. E. 886, it was held: "When a judge in vacation makes an order under section 9, chapter 131, Code, 1899, showing that he has executed a bill of exceptions, and so certifies it to the clerk, the clerk must record the order in the law-order book and attest it; but it is not necessary that the bill, or any part of it, be literally recorded in said book." In *Jones* v. *Harmer, Admr.,* 60 W. Va. 479, 55 S. E. 657, this Court said: "Under Section 9, Chapter 131, Code, 1906, a bill of exceptions signed by a judge in vacation within thirty days after the adjournment of the term is not a part of the record, unless the judge also certified the bill, and the order certifying it was recorded." In *State* v. *Blair,* 63 W. Va. 635, 60 S. E. 795, it was held: "A bill of exceptions to become a part of the record must, if made in term, be plainly recognized by the record as such; and, if made in vacation, within the time allowed by law, must be certified by order duly entered of record as required by statute", citing in support of this statement *Wells* v. *Smith, supra.* In *Shepherd* v. *Adams Express Co.,* 65 W. Va. 602, 64 S. E. 720, the holding was: "When a judge executes a bill of exceptions within thirty days after term, he must

send it to the clerk accompanied by his certificate to the clerk certifying it as executed by him, and the clerk must record the certificate in the law-order book under the caption of the case, to make the bill a part of the record." In *State* v. *Yoes*, 67 W. Va. 546, 68 S. E. 181, it was held: "Though bills of exception be settled and signed in due time, they are not parts of the record, unless made so by a certificate or an order, entered upon the record.", thus indicating that in some cases a certificate would be sufficient. In *DeFroscia* v. *N. & W. R. R. Co.*, 68 W. Va. 136, 69 S. E. 1008, it is stated in the body of the opinion: "The vacation order of the judge certifying to the clerk, as required by statute in such case, is wanting. The bill of exceptions taken in vacation avails nothing—does not become a part of the record—without this order of certification made within thirty days", citing *State* v. *Blair, supra,* and *Wells* v. *Smith, supra.* In *Miller* v. *Starcher*, 86 W. Va. 90, 102 S. E. 809, this Court said: "A bill of exceptions containing a certificate of the evidence, though signed by the trial judge, does not become a part of the record so as to be considered on a writ of error, if done in vacation, without an order signed by the judge within thirty days after the adjournment of the term at which final judgment was entered", citing *State* v. *Yoes, supra,* and *DeFroscia* v. *N. & W. R. Co., supra,* both of which cases, as I understand recognize the use of the certificate. In *Hall* v. *Shelton*, 93 W. Va. 592, 116 S. E. 12, it was held: "Though a bill of exception be made up and signed by the trial judge within thirty days after the adjournment of the term at which the trial was had or final judgment entered, it does not become a part of the record so as to be considered here upon writ of error unless within the same time an order be also signed and certified to the clerk for record as provided by Section 9 of Chapter 131, Barnes' Code 1923."

It will be observed that some of these cases refer to an order and others to a certificate. In my opinion, the recordination of a certificate, signed by the judge, where bills of exceptions are signed in vacation, should be considered

as the order referred to in the cases cited, where that term is used. I can see no good purpose served by entering upon the record the certificate of the judge, and then an additional order.

The certificate need not be signed within the thirty days. In *Ketterman* v. *Dry Fork R. R. Co.*, 48 W. Va. 606, 37 S. E. 683, it was held: "If a bill of exceptions be both signed and certified by the judge within thirty days from the close of a term of court, as it must be, the fact that the certificate of the judge does not reach the clerk, or is not recorded by him, within thirty days, will not vitiate the bill; but the certificate must be recorded in order to make the bill a part of the record." And to the same effect is the holding in *Wells* v. *Smith, supra*. Therefore, the statute requiring bills of exceptions to be signed in vacation within sixty days after the adjournment of the term, as the statute now permits, or in some instances the date of the judgment, affords a litigant ample time to see that the certificate of the judge is spread upon the law-order book, which thereafter becomes a part of the record presented to this Court on application for a writ of error. The statute requiring recordation of the certificate being mandatory in form, a litigant could easily compel a clerk, through the processes of mandamus, to record the certificate.

In the case at bar, if the paper attempting to make the evidence and other proceedings on the trial a part of the record is treated as a bill of exceptions under Code, 56-6-35, then I think it was incumbent upon the plaintiff in error to present to us a record showing recordation of the certificate signed by the trial judge. Not having done so, we cannot consider the evidence.

My only purpose in writing this memorandum is to express my view that, had the certificate which the trial court did sign been spread upon the law-order book of the trial court, that would have made the evidence and other proceedings in the trial a part of the record when presented to this Court, even though treated as a bill of exceptions under Code, 56-6-35. I do not think any addi-

tional certification or order would have been necessary.

It may be said that the statute requiring the clerk to record the certificate of the court signing the bill of exceptions being mandatory, a litigant should not be penalized through failure of the clerk to perform a statutory duty; but the answer to this is that it was incumbent upon the party seeking relief in this Court, to present a record duly certified from the records of the court below, and when he failed to avail himself of the opportunities he had to secure such legal certification, he cannot ask this Court to correct his mistake.

Of course, as I stated in the beginning, I am of the opinion that the certification of the record made under the provisions of Code, 56-6-36, was sufficient; and even though the paper presented was designated as a bill of exceptions, it is, nevertheless, good as a certificate of the evidence, and has been properly certified.