**KLETECKE, et, Plaintiffs-Appellees, v. LUNGER, et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21246. Decided October 18, 1948.

Louis E. Freedman, Cleveland, for plaintiffs-appellees.
Bogdas & Franks, Cleveland, for defendants-appellants.

(HUNSICKER, J, of the 9th Appellate District sitting by designation in place of MORGAN, J.)

## OPINION

By HUNSICKER, J.

In this appeal on questions of law from a judgment for the plaintiffs-appellees, Clarence Kletecke and Marie Kletecke, the defendants-appellants, Samuel Roy Lunger and Hazel Lunger, present one question that is determinative in this appeal, to-wit; Is it necessary that the notice to leave premises, required under Section 209, Par. 6 (c), of the Housing and Rent Act of 1947, 50 U. S. C. A., appendix No. 1899, Eviction of Tenants, as amended effective April 1, 1948, Public Law 464, 80th Congress, 2nd Session, state one of the reasons specified in such act in order to recover possession of a housing accommodation?

The appellants, Lunger, were in possession of Suite 2 at 4296 Warner Road, Cleveland, Ohio. This property was owned by appellees, Kletecke, who on July 1, 1948, served a three-day notice to leave the premises on the Lungers. This notice did not state any reason for the eviction. The Lungers did not move from the premises they occupied and appellees on July 7, 1948, filed an action for the recovery of real property and thereafter recovered a judgment for the recovery of immediate possession of the real property.

Although the record and conclusions of fact do not so state, it is conceded that the Lungers were tenants of the Kleteckes.

The Federal Housing and Rent Act of 1947 was amended March 30, 1948, by Public Law 464, 80th Congress, 2nd Session, . Section 209, and reads, in its pertinent parts, as follows:

"(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, not-

withstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless * * *"

"(2) The landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, * * *"

Paragraph 6 (c)

"No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5) or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

In an action for the recovery of real property brought under authority of §11903 GC, no notice is required to be given, however, we are of the opinion that the notice requirements of the Federal Housing and Rent Act must be complied with. The federal legislation in this respect supersedes the state legislation on this subject. **Hammrick v. Dufford, 71 Oh Ap 552.**

The appellants, Lunger, herein, were never served or given any written notice by the landlords, Kletecke, of their **"desire to recover possession** of such housing accommodations **for one of the purposes specified** in" the Rent Control Act. The court below, in its conclusions of fact number one, found that the Kletecke's "desire to recover possession of Suite No. 2 in said premises for their immediate and personal use and occupancy as housing accommodations and are acting in good faith." (Emphasis ours.)

The giving of a proper notice is necessary before the tenant is obliged to surrender possession to the landlord and even then he cannot be forced to surrender possession immediately, as the judgment herein indicates, but only after a lapse of sixty days from the time when such proper notice to leave the premises is given to him.

The instant case is distinguishable from the recently decided case of Nellie and Peter **Lupi,** Appellees, v. Myron **Flack,** appellant, No. 21194, Court of Appeals of Cuyahoga County, decided October 18, 1948, (52 Abs 314) wherein a proper notice was given the tenant but the judgment did not provide for the surrender of the premises after a sixty-day period from the giving of such proper notice.

We have examined all other claimed errors and find none prejudicial.

The judgment of the lower court is reversed and final judgment is rendered for the appellant herein.

HURD, PJ, SKEEL, J, concur.