## Richmond.

UPPER APPOMATTOX CO. v. HAMILTON & MANN, TRUSTEES,
AND ALS.

### MAY 12th, 1887.

1. DEEDS—*Construction—Lease.*—No set form of words is necessary to constitute a *lease.*   The nature and effect of the instrument must be determined in accordance with the intention of the parties as gathered from the whole instrument.   *Mickie* v. *Lawrence,* 5 Rand. 571.
2. LANDLORD AND TENANT—*Distress— Trust deed—Priority.*— Tenant under lease for a term containing no agreement for removal, executed trust deed on personalty on premises.   Afterwards landlord and tenant agreed on a renewal different in terms from original lease—

HELD :

> Effect of renewal was a *new* tenancy commencing *after* execution and record of trust deed, which had priority over lien for rent. *Wades* v. *Figgat,* 75 Va. 575.

Appeal from decree of hustings court of Petersburg in a chancery cause in which Hamilton and Mann, trustees in a trust deed executed on personal property on rented premises executed by the Petersburg Cotton Mills, April 3d, 1885, were plaintiffs, and the Upper Appomattox Company was defendant.   The decree being adverse to the claim of the defendant company for priority of lien for rent of the premises on said personalty, the defendant company appealed.   Opinion states the case.

*Collier & Budd,* for the appellant.

*Donnan & Hamilton* and *R. B. Davis,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The object of this suit was to ascertain the debts, and their relative priorities, due by the Petersburg Cotton Mills and to execute the trust under the deed aforesaid.    In the progress of the cause, a question of priority arose between certain deed of trust creditors and the appellant here, the Upper Appomattox Company, the latter claiming the right to subject certain personalty to the payment of rent in arrear and due to the appellant by the Petersburg Cotton Mills, as its lessees, which property was embraced in a certain deed of trust executed by the Petersburg Cotton Mills to R. W. Baldwin, trustee, on the second of April, 1883, to secure the payment of certain debts therein mentioned. The hustings court decided that the deed of trust creditors were entitled to priority, whereupon this appeal was taken.

It appears from the record that on the twenty-third of January, 1873, the Upper Appomattox Company leased to the Petersburg Cotton Mills a certain mill and water-power, situate on the west side of Canal street, in the city of Petersburg, for a term of eight years, to commence on the first of August, 1875, and to terminate on the first of August, 1883.    This lease is not copied in the record, but it is conceded that it contained no covenant for a renewal, or for the privilege of a further term.    It is also conceded that the rent has been fully paid up to the first of August, 1883.

The deed of trust, which by the decree complained of was accorded priority over the claim of the appellant company, conveyed the milling machinery and other personalty of the Petersburg Cotton Mills on the leased premises, and was dated, as we have seen, on the second of April, 1883, and was duly recorded on the twenty-first of the same month.

On the seventeenth of the same month, the Upper Appomattox Company and the Petersburg Cotton Mills executed

a certain written instrument under seal, in which it was recited that " whereas the Upper Appomattox Company did, on the twenty-third of January, 1873, lease to the Petersburg Cotton Mills the mill and water-power on the west side of Canal street, in the city of Petersburg, for the term of eight years, say from the first of August, 1875, until the first of August, 1883; and whereas the Petersburg Cotton Mills are desirous of obtaining a renewal of said lease upon the same terms and conditions set forth in the said lease, for five years from the first of August, 1883, until the first of August, 1888, except as to the following," etc. Then follow certain provisions specifically setting forth the stipulated changes as to the terms and conditions upon which the premises were to be held after the first day of August, 1883.

This paper was duly acknowledged and recorded, and it appears from the agreed statement of facts in the record that it was recognized and treated as a lease by the parties thereto until the assignment of the Petersburg Cotton Mills to Hamilton and Mann, trustees. It also appears that the rent for the premises was paid up to November 1st, 1884. At the time of the said assignment, to-wit: on the third of April, 1885, there was due to the Upper Appomattox Company, as it contends, rent from the first of November, 1884, amounting to $941.06. And the single question presented by this appeal is, whether the property on the leased premises conveyed by the deed of trust to Baldwin, trustee, on the second of April, 1883, is liable to the satisfaction of the appellant's claim for rent in preference to the deed of trust.

The solution of this question depends upon the true construction of sections 11 and 12 of chapter 134 of the Code of 1873, which are as follows:

" 11. The distress may be levied on any goods of the lessee, or his assignee, or under-tenant found on the prem-

ises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee, or under-tenant, when carried on the premises, are subject to a lien, which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien be created thereon while they are upon the leased premises, they shall be liable to distress, but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien. No other goods shall be liable to distress than such as are declared to be so liable in this section.

"12. If, after the commencement of any tenancy, a lien be obtained or created by deed of trust, mortgage, or otherwise, upon the interest or property in goods on premises leased or rented, of any person liable for the rent, the party having such lien may remove said goods from the premises on the following terms, and not otherwise—that is to say, on the terms of paying to the person entitled to the rent so much as is in arrear, and securing to him so much as is to become due, what is so paid or secured not being more altogether than a year's rent in any case." * * *

These provisions of the statute were construed by this court in *City of Richmond* v. *Duesberry*, 27 Gratt. 210, and in *Wades* v. *Figgat*, 75 Va. 575. In the first named case, the contest, as in this case, was between a landlord on the one hand and a deed of trust creditor on the other, each claiming the right to subject the same property in preference to the other. It appeared in that case that one Cobb leased the Arlington house in this city for the year 1871, and that, after the commencement of the tenancy, he sold his household and kitchen furniture on the leased premises to one Mosely, who arranged with Cobb to take the lease off his hands. About the same time Mosely executed a deed of trust on the goods so purchased by him to secure the payment of a debt due by him to one Call.

After the expiration of the year (1871) Mosely continued to occupy the premises without any special contract, and in March, 1872, he arranged with one Pratt to turn over the lease and furniture to him. The landlords made no objection to these several arrangements, and received the rent from Mosely and afterwards from Pratt until July or August, 1872. In the latter part of that year, Pratt being in default in the payment of rent, a distress warrant was issued and levied on the furniture conveyed by Mosely to secure his debt to Call.

This court decided, reversing the judgment of the circuit court, that the deed of trust creditor was entitled to priority. And the decision was based on the ground that the lease to Cobb, of which Mosely was assignee, terminated on the first of January, 1872, when, by the holding over of Mosely, a new term commenced, and, therefore, that the lien on the furniture was created *before* the commencement of the tenancy on account of which the claim for rent was made.

" The furniture," said Judge Christian, speaking for the court, " was on the leased premises, subject to a lien created before the tenancy for the year 1872 commenced, and not *after;* and in contemplation of the statute, construing both sections [above quoted] together, must be held subject to the same conditions as if when carried on the leased premises it was subject to a lien valid against the creditors of Mosely."

In *Wades* v. *Figgat* the same principle was applied. In delivering the opinion of the court, Judge Burks said : "The deed of trust under which the appellee claims was executed June 19, 1876, and admitted to record the next day, and the rent distrained for accrued the following year (1877). The goods were the property of a person or persons liable for the rent, and were on the premises at the date of the deed and also of the levy; and the first question is,

whether the lien of the deed of trust was created 'after the commencement of the tenancy,' under which the distress was made—in other words, whether the tenancy of the two years (1876 and 1877) *was the same."*

In the present case, the tenancy, which was in existence when the deed of trust to Baldwin was executed, was, by its own limitation, to expire on the first of August, 1883, and, as we have seen, it contained no covenant for a renewal or extension. The question then is, whether by virtue of the sealed instrument executed by the Upper Appomattox Company and the Petersburg Cotton Mills, on the seventeenth of April, 1883, the tenancy under which rent accruing after the first of November, 1884, is claimed by the appellant company, is *the same* tenancy as that which was in existence when the trust deed to Baldwin was executed, on the second of April, 1883.

The language of the instrument is certainly peculiar, and it is not easy to determine from its terms whether a lease, or merely an agreement to lease, was intended. No set form of words, however, is necessary to constitute a lease, and in doubtful cases, like the present, the nature and effect of the instrument must be determined in accordance with the intention of the parties, as such intent may be collected from the whole instrument. *Mickie* v. *Lawrence*, 5 Rand. 571; Taylor's Landl. and T., § 38 ; 2 Min. Insts. 676. It appears from the agreed statement of facts that the paper was recognized and treated by the parties who executed it as a lease, and that rent was paid under it until the first of November, 1884. Nor does it appear that any dispute arose as to its nature or effect until after the assignment by the Petersburg Cotton Mills to the appellees, Hamilton and Mann, on the third of April, 1885.

But taking it to be a lease, and to have been introduced as such, it clearly is not a "renewed and extended" lease as contended for by the learned counsel for the appellant.

For it was not made in pursuance of any covenant or stipulation contained in the original lease, and it not only created a new term after the regular expiration of the first, but it prescribes terms and conditions materially different in several particulars from those contained in the original lease of January 23d, 1873. The tenancy created by it was therefore *not the same* tenancy in existence when the deed of trust to Baldwin was executed. The result of which is that the lien created by the deed of trust is prior in time to the commencement of the tenancy under which rent is claimed by the appellant in the present case. In other words, to use the language of the opinion in *City of Richmond* v. *Duesberry*, the property conveyed by the deed of trust "must be held subject to the same conditions as if, when carried on the leased premises, it was subject to a lien valid against the creditors of" the Petersburg Cotton Mills.

It appears from the agreed statement of facts that the holders of the notes secured by the deed of trust to Baldwin were aware of the fact that the written instrument aforesaid was treated by the parties as a lease, and that rent was being paid under it. And it was contended in the argument here by counsel for the appellant that the holders of the notes are thereby estopped from controverting the appellant's superior right to subject the property conveyed by the deed of trust. This position, however, is not well taken, and is sufficiently disposed of by what has been said. The fact that the holders of the notes knew that the instrument in question was being treated as a lease does not at all change the effect of the instrument, conceding it to be a lease—that is to say, its effect was to create a new tenancy, the commencement of which was *after* the deed of trust was executed and recorded.

We find no error in the decree of the hustings court, and the same is affirmed.

DECREE AFFIRMED.