JOHN TENORE, Landlord, v. ELMER GARRETSON, Tenant.

County Court, Westchester County, April 27, 1948.

*Frank C. Praete, Jr.,* for landlord.

*Christopher J. Murphy* for tenant appearing specially.

GALLAGHER, J. This is a motion to dismiss a petition in a summary dispossess on the ground that the tenant was not given sixty days' notice under the provisions of subdivision (c) of section 209 of the Federal Housing and Rent Act of 1947, as added by subdivision (e) of section 204 of the 1948 rent act (U. S. Code, tit. 50, Appendix, § 1899, subd. [c]; Public Law 464, 80th Cong., 2d Sess., ch. 161).

Landlord served a thirty-day notice on February 28, 1948, under section 232-b of the Real Property Law. His precept was signed April 6, 1948, and served on April 7, 1948. The notice of February 28th is not before the court, but it is not claimed that it showed the grounds for removal under the Federal rent act. The petition states that it is brought under paragraph (2) of subdivision (a) of section 209 of the rent act of 1947. Since it was brought after the effective date of the 1948 amendments, they must apply.

Subdivision (c) of section 209 of the Federal rent act, as added by the 1948 amendment, reads: " No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

Tenant maintains that this section means that sixty days must elapse between the service of notice stating the grounds for removal under the Federal act and the commencement of the proceeding. Landlord maintains the section means that no warrant to evict shall be executed until sixty days after service of such notice.

That section is so new that the higher courts have not ruled on it yet. This court feels that the wording of the new act, adopted by the Congress to be effective in forty-eight States, means simply that there shall be at least sixty days between original notice and eviction, regardless of the laws of the State where it is being enforced. The laws of New York State provide for notice to terminate tenancy in some cases, and in all cases for a proceeding in summary dispossess with the power in the court to grant a stay of execution of the final warrant up to four months. Thus any proceeding in New York State will conform to the Federal statute provided the warrant is not issued less than sixty days from the first notice to the tenant which states the grounds of removal under the Federal rent act, in this case sixty days from the service of the petition. This court, therefore, holds that a sixty-day notice to the tenant is not a prerequisite to the bringing of a proceeding, but only to the issuance of a final warrant. Motion to dismiss petition is denied.