SAMUEL SCHEINZEIT, Landlord, *v.* JAMES KELLY, Tenant.

County Court, Schenectady County, August 2, 1948.

*Harry G. Coplon* for landlord.

*Harold E. Blodgett* for tenant.

LIDDLE, J. This is a summary proceeding instituted by the landlord to recover possession of the premises occupied by the tenant. The landlord claims that he is entitled to immediate possession by reason of the fact that a certain written lease expired on June 1, 1948.

Tenant appears specially by counsel and moves for an immediate dismissal of the proceedings on the ground that the court is without jurisdiction in that the landlord failed and omitted to comply with subdivision (c) of section 209 of Public Law 464, 80th Congress, 2d Session, chapter 161 (Federal Housing and Rent Act of 1947, as amd.; U. S. Code, tit. 50, Appendix, § 1881 *et seq.*), which public law affects the relationship of landlord and tenant and places such certain obligations upon the landlord before proceedings can be instituted for recovery by the landlord of real property.

From the moving papers it appears conclusively that the demised premises are housing accommodations. Accordingly, subdivision (c) of section 209 of the law provides as follows: "No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions [thereof] until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

It has been repeatedly held, not only by local trial courts, but by the United States Supreme Court, that the State courts must take judicial notice of Federal statutes. Notwithstanding the State law permitting a landlord to institute proceedings forthwith after the termination of a written lease, it still is obligatory for landlords where housing accommodations are at issue, to serve a sixty-day notice terminating the tenancy and setting forth the reason or reasons for the termination as the statute requires as a condition precedent for the instituting of summary proceedings in our State courts.

Inasmuch as the petition fails to allege sufficiently to confer jurisdiction upon this court, the court is without jurisdiction to proceed to try and determine the issues therein. Accordingly the tenant's motion is hereby granted dismissing the petition for want of jurisdiction. Submit order accordingly.