**LUPI, et, Plaintiffs-Appellees, v. FLACK, Defendant-Appellant.**
**LUPI, et, Plaintiffs-Appellees, v. SHILKE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21194-21198.   Decided October 18, 1948.

Paul Mancino, Cleveland, for plaintiffs-appellees.
Gerald A. Doyle, Cleveland, for defendants-appellants.

### OPINION

By HUNSICKER, J.

In these appeals on questions of law the same problem is presented in each appeal and hence they are considered together.

The controlling facts, as they apply to each case, are as follows:

Nellie Lupi and Peter Lupi, plaintiff-appellees, owners of a four-family apartment building, filed an action in the Municipal Court of Cleveland, Ohio, in forcible entry and detainer against Myron Flack, defendant-appellant in case No. 21194 and a similar action against Charles Shilke, defendant-appellant, in case No. 21198. Appellees, Lupi, alleged that they desired to make substantial alterations and repairs to

each of the suites occupied by appellants which when completed they desire to occupy for themselves and their family. The notice to leave the premises was served in each instance on May 17, 1948, requesting compliance with this notice by June 1, 1948. Appellants failed to comply with the notice and the actions in forcible entry were then filed.

The trial in the court below, before a jury, resulted in a verdict of guilty and the following judgment was rendered thereon:

"June 18, 1948

The jury having returned a verdict of guilty herein, judgment is therefore rendered for plaintiff and for the costs of this proceeding."

By the Act of March 30, 1948, Public Law 464, 80th Congress, 2nd Session, Paragraph 6 (c), as it applied to Section 209, Rent Control Regulations, was amended effective April 1, 1948 as follows:

"No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5) or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

The cause of action herein is based on one of the paragraphs specified above, to-wit: Sub-section (a) paragraph 4.

The principal question presented in the instant cases is: Is a landlord, who seeks to recover possession of premises, required to give a tenant, against whom he has a proper cause of action, a sixty-day notice to leave the premises before an action in forcible entry and detainer may be filed or may he file such action, as permitted by the Ohio Statutes, after the giving of a three-day notice to leave the premises?

The only case brought to our attention bearing on the interpretation of this section of the Rent Control Regulations as it applies to the time in which the action to evict may be brought after notice to leave premises is given, is the case of Porea v Moses, decided by the Louisiana Court of Appeals, Parish of Orleans, April 26, 1948, and found in Commerce Clearing House, Business Control Law Reporter, Par. 91,200, Page 91,218.

The Court of Appeals in Louisiana says:

"A careful reading of the above quoted proviso of the act (Sec. 209, Par. 6 c) indicates that counsel endeavors to place a construction on the language used therein not contemplated by the Congress. If it was the lawmakers' intention to require that a sixty-day notice must be served upon the tenant, and that an ejectment suit cannot be brought until the sixty-day period had expired, unequivocal language to that effect would undoubtedly have been employed. The section in question states that "no tenant shall be obliged to surrender possession * * * until the expiration of at least sixty days after written notice * * *." It seems clear to us that the word "obliged" as used is a synonym of the words "compelled" "forced" and "required." The plain and reasonable meaning is that no tenant can be evicted until sixty days have expired counting from the date of the written notice, and that in any suit the judgment of eviction will not and cannot become operative or executory until sixty days after the notice to vacate had been served. There is nothing in the section which prohibits a landlord from bringing his proceeding against a tenant, after the notice required by local law, and all that the section intends is that under no circumstances can the tenant be ejected until sixty days after the vacate notice was served." (Part in parentheses ours.)

We believe the reasoning of the Louisiana Court to be sound and logical. The Congress did not seek to outline the procedural steps by which the right to secure a judgment of eviction is to be obtained, that procedure was left to the legislative body in each state. The Federal legislation does not say that no action in forcible entry and detainer shall be filed by a landlord until after a sixty-day notice to the tenant is given, but it does say that the tenant cannot be dispossessed until sixty days after written notice to leave the premises is given.

A judgment of eviction should provide for such sixty-day period from the date of the notice. More than the necessary sixty days has elapsed in the instant case and hence it is not necessary that we remand for the purpose of modifying such judgment.

We have examined all other claimed errors and find none prejudicial. Judgment affirmed.

HURD, PJ, SKEEL, J, concur.