Municipal Court of Keene,　} No. 3806.
　　Dec. 7, 1948.　　　　}

FORREST L. CAREY *v.* JAMES A. DUNNE.

304

*Homer S. Bradley*, for the plaintiff, filed no brief.

*Joseph T. Cristiano*, for the defendant, filed no brief.

PER CURIAM. The only question raised by the record has to do with the interpretation of the Federal Act here involved "insofar as it pertains to requirements of notice under the within agreed statement of facts." The Municipal Court writ in this action was dated July 26, 1948, and was returnable on August 4, 1948. It thus appears that more than sixty days from May 24, 1948, the day upon which the notice was served upon the defendant, had elapsed before the com-

mencement of the present suit and *a fortiori* before judgment therein. The local statute (R. L., c. 413, s. 12) authorizes this form of action only against a "lessee, occupant, mortgagor, or other person in possession, holding it [the tenement] without right, after notice in writing to quit the same as herein prescribed."

The requirements of the notice to quit are prescribed by R. L., c. 413, s. 3, where it is provided that "A notice equal to the rent period shall be sufficient, and three months' notice shall be sufficient in all cases." The Federal Statute now under consideration does not purport to state what sort of a notice to quit shall be given. Any notice given in accordance with the local law is sufficient. The provision that "No tenant shall be obliged to surrender possession of any housing accommodations . . . until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations" merely requires that sixty days after a written notice to quit shall have expired before a tenant shall be "obliged" to surrender possession of any housing accommodations. It has no reference to the requirements for maintaining an action, but merely prescribes the time within which a writ of possession or other process designed to "oblige" the tenant to surrender possession of his housing accommodations shall not issue. This is the view of the Federal law taken by the Court of Appeals of Louisiana in *Porea* v. *Moses*, 35 S. (2d) 152, and by the Court of Appeals of Ohio, 8th District, Cuyahoga County, in *Lupi* v. *Flack*, 83 N. E. (2d) 247. This is also understood to be the administrative interpretation of the act followed by the office of the Housing Expediter who is charged with the administration of the law. With these conclusions we are in accord.

The defendant's motion to dismiss the action "on the ground that the notice given to the defendant was insufficient as a matter of law" was properly denied. As pointed out above, our statute provides that "a notice equal to the rent period shall be sufficient," and in the agreed statement of facts it appears that the premises "were occupied by the defendant at a monthly rental of $20 per month." The notice to quit dated May 24, and requiring the defendant to vacate the premises on or before July 1, 1948, was, therefore, sufficient under our statute. After July 1, the defendant was "in possession without right after notice in writing to quit" and the Trial Court properly ordered judgment for the plaintiff.

*Exception overruled.*