Margaret A. Peters, Landlord, *v.* Lawrence T. Nealon et al., Tenants.

City Court of the City of Schenectady, January 25, 1949.

*Wemple, Peters & Wemple* for landlord.

*Alexander Grasso* for tenants.

Bates, J. The tenants have made a motion to dismiss this summary proceeding for the lack of jurisdiction on the ground that the notice served by the landlord upon the tenants was not sufficient in that it did not give the tenants a sixty-day notice to remove.

Upon the argument of the motion it was stipulated in open court that the notice was served prior to September 1, 1948, and not earlier than August 25, 1948. The notice submitted to the court upon said argument was dated August 25, 1948, requiring the tenant to remove on the 1st day of October, 1948. The petition and precept were served as shown by the affidavits of service attached thereto, upon tenant Lawrence T. Nealon personally on November 9, 1948, and upon the tenant Elsie D. Nealon personally on November 12, 1948. This motion involves the interpretation of subdivision (e) of section 204 of the Housing and Rent Act of 1948 (Public Law 464, 80th Cong.,

2d Sess., ch. 161) which amended the Housing and Rent Act of 1947, as amended, by adding a new subdivision to section 209 of such act, at the end of said section, as follows: "(c) No tenant shall be obliged to surrender possession of any housing accommodations, pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

The tenants contend that subdivision (c) of section 209 requires a sixty-day notice to remove by the landlord to the tenant. The landlord contends that the requirements of said section have been met since more than sixty days elapsed between the time of service of the landlord's notice to remove and the starting of this summary proceeding.

The use of the word " obliged " in said subdivision can refer either to the obligation placed upon the tenant by the landlord to remove at the time specified in the landlord's notice to the tenant or to the obligation to remove placed upon the tenant by a court of competent jurisdiction at the time of the service of the warrant of eviction in a summary proceeding brought by the landlord against the tenant. The framers of said 1948 act did not specifically state in said subdivision whether it is the time of removal mentioned in the landlord's notice or the time of removal fixed by the service of the warrant of eviction, which is to be used as a basis for computing the " sixty days after written notice from the landlord ". The said subdivision is therefore subject to interpretation.

It is the conclusion of the court that the framers of said 1948 act intended, by the phraseology of said subdivision, that the " sixty days " be measured from the date of service of the landlord's notice to remove to the date of service of a warrant of eviction. It is significant that said subdivision does not state " until after the expiration of a written notice of at least sixty days from the landlord ", but instead that it provides " until the expiration of at least sixty days after written notice from the landlord ".

Under the above interpretation of said subdivision, landlords in seeking removal of tenants need only comply with the time fixed by local law in serving notices to remove on tenants. Tenants, however, are protected by the restriction of said subdivision requiring at least sixty days between the date of service of a notice to remove and the date of service of a warrant of eviction.

There is apparently a dearth of reported decisions on the construction of said subdivision (c) of section 209 as added by the Housing and Rent Act of 1948. The recent work by Friedlander and Curreri on Rent Control published by Central Book Company, Inc., New York, in 1948 with the date line of October 15, 1948, states in section 18.0 (p. 72): '' The 1948 Act provides that where a landlord seeks to recover possession on any of the grounds set forth in items II, III, IV, V and VI, *supra,* the tenant may not be compelled to surrender possession until at least sixty days have elapsed after the landlord has given the tenant written notice that the landlord desires to recover possession for one of the purposes set forth in such items.'' Said work in section 25.0 states: '' Sixty days' written notice must be given the tenant by the landlord when eviction for personal occupancy is sought on any of the grounds stated above.'' Said work gives but one citation supporting both of said quoted statements, namely *Scheinzeit* v. *Kelly* (192 Misc. 300 [Schenectady Co. Ct., Aug. 2, 1948]).

In said case, as shown by the opinion of the court and by the record of the case, the tenant appeared specially and made a motion through his attorney in a summary proceeding to dismiss for lack of jurisdiction of the court on the ground that the petition failed to allege a cause of action in that it did not contain an allegation stating that a notice to remove had been served by the landlord upon the tenant. The proceeding was brought to recover possession of housing accommodations by the landlord from the tenant. The precept and petition were served on June 3, 1948. The tenant came into possession of the premises under a written lease which expired on June 1, 1948, and was still in possession of the premises at the time of the service of the precept and petition. The petition did not show the purpose for which the landlord desired possession of the premises. Upon said motion counsel for landlord claimed that the landlord was entitled to immediate possession by reason of the fact that said written lease expired on June 1, 1948. Counsel for the tenant upon said motion claimed that the premises were being used as housing accommodations, that the tenant was entitled to a written notice stating the reason of the landlord in desiring possession of the premises, that said reason must be one of the reasons permitted by said rent act of 1948, that the failure to allege the service of any notice at all upon the tenant and the failure to state any purpose for which the landlord seeks the premises are jurisdictional, that said failure to allege any notice whatsoever or any reason by

the landlord for his desired possession of the premises constitute a noncompliance with the Housing and Rent Act of 1947, as amended, and especially subdivision (c) of section 209 thereof. The court granted the respondent's motion and stated in its opinion (p. 302), " Inasmuch as the petition fails to allege sufficiently to confer jurisdiction upon this court, the court is without jurisdiction to proceed to try and determine the issues therein." The court also stated in its opinion (p. 301), " Notwithstanding the State law permitting a landlord to institute proceedings forthwith after the termination of a written lease, it still is obligatory for landlords where housing accommodations are at issue, to serve a sixty-day notice terminating the tenancy and setting forth the reason or reasons for the termination as the statute requires as a condition precedent for the instituting of summary proceedings in our State courts."

It is apparent from the above facts in the *Scheinzeit* case (*supra*) that the issue there was whether the facts thereof brought it within the provisions of the Housing and Rent Act of 1948. It is quite obvious that there was no issue as to whether sufficient time was given to the tenant in the landlord's notice to remove, since there was no notice at all. This court holds that the *Scheinzeit* case is not a precedent for the case at bar since in the case at bar the issue was definitely one concerning the sufficiency of the length of time of a landlord's notice to the tenant under subdivision (c) of section 209 of said rent act of 1947, as amended. It is true that the court in the *Scheinzeit* case mentions " a sixty-day notice ", but that comment was not necessary to the court's decision and consequently dictum which this court need not follow.

There has come to the attention of this court a case entitled *Tenore* v. *Garretson* (193 Misc. 1026), decided by the County Judge of Westchester County, April 27, 1948, in which that court held similarly with the conclusion of this court in this case as above set forth.

In the said case of *Tenore* v. *Garretson* (*supra*) a motion was made to dismiss a petition in a summary proceeding on the ground that the tenant was not given a sixty-day notice under the provisions of subdivision (c) of section 209 of said rent act of 1947, as amended. The notice actually given by the landlord to the tenant was a thirty-day notice. The tenant claimed that subdivision (c) of section 209 of said rent act of 1947, as amended, requires that sixty days must elapse between the service of notice and the commencement of a summary proceeding. The landlord claimed that said section

requires that no warrant to evict shall be executed until sixty days after the service of such notice. The court denied the motion to dismiss, stating in his opinion as follows (p. 1027): " This court feels that the wording of the new act [§ 209, subd. (c)], * * * means simply that there shall be at least sixty days between original notice and eviction * * *. Thus any proceeding in New York State will conform to the Federal statute provided the warrant is not issued less·than sixty days from the first notice to the tenant which states the grounds of removal under the Federal rent act * * *. This court therefore holds that a sixty-day notice to the tenant is not a prerequisite to the bringing of a proceeding, but only to the issuance of a final warrant.''

This court, therefore, denies with costs the motion of the respondents herein to dismiss for lack of jurisdiction on the ground of insufficient and untimely notice of the landlord to the tenant.

This case is restored to the active calendar and will be called on February 1st, at which time tenants may file their answer.

Kindly submit order.