JOHN PORTER

*v.*

RALPH WOODARD, *etc., et al.*

(No. 10229)

Submitted April 18, 1950. Decided July 5, 1950.

RILEY AND LOVINS, JUDGES, dissenting in part.

*Philip H. Marcum,* for plaintiff in error.

*Hammock, Ferguson & Baer, Duncan W. Daugherty,* for defendant in error.

HAYMOND, JUDGE:

This writ of error and supersedeas was granted to Ralph Woodard, alias Lewis Woodard, and Lucinda Woodard, hereinafter referred to as "defendants", to review a judgment of the Circuit Court of Cabell County by which John Porter, hereinafter referred to as "plaintiff", was awarded possession of Lot No. 4, Block 291, City of Huntington, in an action of unlawful entry and detainer instituted by Porter against the Woodards.

Title to the property, on which there is erected a two-story building consisting of a storeroom and two three-room apartments, as well as a garage building, in which there are two or more bedrooms, was acquired by plaintiff on January 1, 1932. Although the record is not entirely clear with respect thereto, it is reasonably certain therefrom that plaintiff leased, from time to time, the entire premises, as a unit, the lessees thereof being permitted to sublease the various portions of the premises. In any event, on March 1, 1942, plaintiff registered the premises as "housing accommodations" with the Office of Price Administration, a Federal governmental agency operating pursuant to an Act of Congress known as the Emergency Price Control Act of 1942. The record does not disclose whether the premises continue to be registered with such agency, or other agency succeeding thereto.

At some time prior to October 18, 1945, plaintiff leased the premises to a man named Bowen, but the terms and

the conditions of such lease do not appear. On or about October 18, 1945, defendant, Ralph Woodard, "bought out" Bowen and took possession of the premises, where he has remained to the date of the trial of this action.

According to this record there is but one showing of the payment of rent by defendants to plaintiff, that being a cancelled check, dated April 6, 1946, payable to plaintiff and signed "Lewis H. Woodard Co., by Lewis H. Woodard", which presumably is the trade name and alias of Ralph Woodard.

After several unsuccessful efforts, Ralph Woodard finally agreed with plaintiff to purchase the property for $5,000.00 of which $100.00 was to be paid in cash and the remainder in stipulated installments. On November 6, 1946, the agreement was consummated by delivery to Ralph Woodard of a deed, executed by plaintiff and his wife conveying the lot to E. F. Woodard, defendants' son, who was a resident of Beckley, West Virginia.

A deed of trust executed by E. F. Woodard to secure the notes signed by him, evidencing the deferred installments of the purchase price, was delivered to plaintiff. Plaintiff testified, without contradiction, that he had not seen E. F. Woodard, but that Ralph Woodard, one of the defendants, stated that he was purchasing the property in E. F. Woodard's name to avoid subjection thereof to the payment of certain debts then owed by Ralph Woodard.

Prior to September 18, 1948, the maker of the notes having defaulted in the payment thereof, plaintiff requested the trustee in the deed of trust above mentioned to sell the land. Pursuant to such request a sale was held on September 18, 1948, a notice of the sale having been previously published. Such notice contained no reservation or condition relative to the conveyance of the land.

Plaintiff purchased the land at the sale, and pursuant thereto, the trustee made and delivered a deed conveying

the land to the plaintiff. It is clear that between September 18, 1948, and the date this action was instituted on January 5, 1949, Ralph Woodard collected and retained rents for various of the living quarters situate on the premises. It is a reasonable inference that the defendants did not pay rent to the plaintiff between September 18, 1948, and January 5, 1949.

Defendants filed a special plea, alleging in substance that the land, possession of which is sought to be recovered in this action, is "controlled housing" under Federal statutes pertaining to housing and rents, and that a notice to surrender possession of the premises had not been served upon the defendants, as required by Section 209 (a) and the subdivisions of the Housing and Rent Act of 1948, and therefore the trial court was without jurisdiction to hear and determine the issue involved. Defendants also pleaded the general issue. Plaintiff filed a general replication to the special plea, and a trial by jury was had on the issues so raised.

The jury found for the plaintiff and the trial court entered judgment on the verdict. A writ of error and supersedeas was granted by this Court.

Several assignments of error are made by defendants in their petition for an appeal, all of which, save the issue raised by the special plea and the general replication, have been abandoned. Such issue may be stated as follows: Is the notice to surrender housing accommodations, prescribed in the Housing and Rent Act of 1947, as amended by the Act of 1948, necessary in the circumstances disclosed by this record?

We are confronted with a preliminary question, which must be decided before we reach the merits of the issue above stated.

The evidence adduced in the trial court is set forth in what is designated as "Defendants' Bill of Exceptions No. One". No order appears in the record making the evidence a part of the record, as required by Code, 56-6-35.

Following the transcript of the evidence is a certificate of the official reporter of the trial court, as well as a certificate of the Judge of the Circuit Court of Cabell County, which certificate is in substantially the same form as that of paragraph (a) of Code, 56-6-36. It will thus be seen that we have before us questions similar to those discussed and decided in the opinions in the cases of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7, and *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663.

If the rules announced in the cases of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7, and *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663, are applied to the instant case the writ of error heretofore awarded should be dismissed as improvidently awarded. But the Court as presently constituted is of opinion that the cases of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7 and *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663, should be overruled. Accordingly, for the reasons set forth at length in the dissenting opinions in the case of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7, and the dissenting opinion in the case of *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663, those cases are overruled, the Court being of opinion that the certificate of the Judge of the Circuit Court of Cabell County is sufficient under Code, 56-6-36, to make the evidence a part of the record.

Reaching the merits of the case our attention is directed to the statute relied upon by the defendants reading in part as follows: "(c) No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraphs (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraph." 62 Stat. 93, 50 U.S.C.A., App., Section 1899 ((c).

An analysis of the foregoing statute discloses that it does not relate to the maintenance of an action to recover possession of housing accommodations; rather it applies to the surrender of possession of the premises by the tenant.

The service of the notice required by the statute is not pre-requisite to the bringing of an action of unlawful entry and detainer, but to the issuance of a writ of possession of or other process obliging the tenant to surrender posses-sion of housing accommodations. *Carey* v. *Dunne*, 95 N. H. 303, 63 A. 2d 232; *Tenore* v. *Garretson*, 193 Misc., 1026, 88 N.Y.S. 2d 453.

In the case at bar no demurrer to the special plea or motion to strike the same is shown. By the final order, however, the special plea was filed, to which plaintiff re-plied generally. The issue on such plea and replication, as well as the general issues, were submitted to the jury, which returned a verdict for plaintiff. Defendants having received the benefit of the special plea, they cannot com-plain. Moreover, if the facts pleaded in the special plea had been properly submitted for consideration by the jury, no proof sustaining the allegations of the plea was offered. The record is devoid of any proof that the premises here in controversy had been registered or listed under the pro-visions of the Housing and Rent Act of 1947, as amended, after the sale of the property to the Woodards.

But a more serious question is presented, relative to the special plea hereinabove mentioned. There is no proof showing that the relation of landlord and tenant existed between the plaintiff and defendants after the 18th day of September, 1948, when the land was sold to plaintiff by the trustees.

"The relation of landlord and tenant is created by a con-tract, either express or implied, by the terms of which one person designated 'tenant' enters into possession of the land under another person known as 'landlord'." 32 Am. Jur., Landlord and Tenant, Section 2. It is sufficient if the words of such contract, though informal, be such as to create the relation of landlord and tenant. See *Mickie* v. *Lawrence, Ex'r. of Wood,* 5 Rand. 571, 26 Va. 571; *Upper Appomattox Co.* v. *Hamilton,* 83 Va. 319, 2 S. E. 195, 197; 1 McAdam on Landlord and Tenant, 5th Ed., Section 22; 1 Taylor, Landlord and Tenant, 9th Ed., Section 14. "A mortgagee does not hold a relation of landlord and tenant

to a mortgagor in possession." *Willis* v. *Eastern Trust & Banking Co.,* 169 U. S. 295, 18 S. Ct. 347, 42 L. ed. 752. See 1 Tiffany, Landlord and Tenant, Section 47.

No formal contract between plaintiff and defendants is shown by this record. Nor is there any act or conduct by the parties to this litigation, from which an implied contract may be inferred creating the relation of landlord and tenant.

Ralph Woodard and Lucinda Woodard, the defendants, do not sustain the relation of tenants of Porter, the plaintiff. Viewing the occupancy of the premises by defendants in the most favorable way they were merely tortious occupants of the land. Having lost title thereto by the trustee's sale, their occupancy of the land was without warrant in law or justification in fact.

Even if E. F. Woodard, the person who ostensibly purchased the land from Porter in the first instance, had demised the premises to Ralph Woodard, that demise, if made, would have been extinguished by the sale under the deed of trust. 1 Taylor, Landlord and Tenant, 9th Ed., Section 118. No attempt, however, was made to show that the defendants herein occupied the premises under a demise from E. F. Woodard, the ostensible purchaser.

In accordance with the foregoing, the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*

RILEY, JUDGE, dissenting in part:

I believe that the opinions in the cases of *Perkins* v. *Hanna,* 127 W. Va. 527, 34 S. E. 2d 7, and *State* v. *Leadmon,* 131 W. Va. 378, 48 S. E. 2d 663, state sound principles of law. I thought so when I joined in the decisions of those cases, and further examination and consideration of the questions there presented give me no reason for a change of views.

I also am of opinion that the well considered decisions of this Court should not change when the personnel of the

Court changes; that the law should have some stability; and, therefore, I dissent from the part of the foregoing opinion which overrules the cases of *Perkins* v. *Hanna, supra,* and *State* v. *Leadmon, supra.*

Judge Lovins joins me in this note of dissent.