**SELLERS v. SWITZER.**

No. 34176.    March 20, 1951.

*229 P. 2d 189.*

William M. Cutlip, Shawnee, for plaintiff in error.

John T. Levergood, Shawnee, for defendant in error.

CORN, J. July 7, 1948, plaintiff began a forcible entry and detainer action in the justice of the peace court for possession of real property. The complaint alleged plaintiff's ownership and defendant's possession of the premises, and unlawful detention thereof from July 1, 1948; service on May 28, 1948, of a 30-day notice to terminate the tenancy, and of the statutory three-day notice to quit prior to bringing suit; and that defendant was indebted for $60 rent for the month ending July 28, 1948. Plaintiff asked judgment for rent and restitution of the premises.

After a continuance and change of venue to another justice court, the case was tried July 21, 1948, and judgment rendered for plaintiff for the rent due and restitution of the property. The judgment entered ordered execution to be stayed 60 days following service of the first notice, or until July 28, 1948, in conformity with applicable provisions of the Federal Housing and Rent Act of 1948. Defendant then appealed to the district court, where the matter was tried de novo.

At the trial the parties stipulated the Housing and Rent Act of 1948 (Public Law 464-80th Congress) was applicable. Section 209 (c) of said act, as amended, provides:

"No tenant shall be obliged to surrender possession of any housing accommodation pursuant to the provisions of paragraphs (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

Defendant's demurrer to the evidence was overruled and she then testified she entered into possession of the property January 11, 1944, under a written lease contract, and continued in possession on the rental basis provided by such contract. This contract expired by its own terms on December 27, 1944.

At defendant's request the trial court made written findings of fact and conclusions of law, which were substantially as follows: Defendant lawfully entered possession of the property under a contract which expired December 27, 1944, and thereafter held as a tenant at will. Plaintiff became owner of the property April 28, 1948, and accepted rental payments to June 27, 1948. Notice to terminate the tenancy was served May 28, 1948, complying with the statutes and applicable rent

regulations, as was the three-day notice to quit before suit.

The court concluded as a matter of law that defendant was a tenant at will who lawfully entered into possession, and the required statutory notices to terminate tenancy had been given; the 60 days provided under Public Law 464, above quoted, expired July 28, 1948, and defendant was guilty of unlawfully withholding possession from plaintiff after that date; defendant was indebted for rent for the period from June 27th to July 27, 1948, and that plaintiff was entitled to immediate possession of the premises.

In appealing from the judgment rendered defendant presents the different specifications of error under the single proposition that, under the law and the evidence, the trial court erred in not rendering judgment for defendant. The entire argument in support of such contention is that all proceedings in the forcible entry and detainer action were premature, both under our state statutes and the Federal act, supra. It is defendant's theory that the 60-day notice required under section 209 (c), quoted, expired July 28, 1948, and no action under the forcible entry and detainer statute (41 O. S. 1941 §4) could be brought prior to such date. The entire argument is that the quoted provision of the rent act means that a tenant cannot be evicted unless he has 60 days notice before an action in forcible entry and detainer is brought. This novel argument is unsupported either by reason or judicial construction, particularly in view of the rent act itself, wherein it may be noted that emphasis is placed only upon eviction from possession, and not upon the provisions of the rental contract as defined and limited by statute.

Independently of the rent act, no question arises as to the trial court's jurisdiction to entertain this proceeding. The 30-day notice to terminate the tenancy was sufficient under 41 O. S. 1941 §4. Likewise, the three-day notice was sufficient to authorize the action for possession under the requirements of 39 O.S. 1941 §395. Thus the only thing left for consideration is the question as to the effect of the applicable portion of the Federal Housing and Rent Act (1948) as to whether it operates against the right to sue and obtain judgment for possession of rent controlled premises, or serves merely to stay execution for such judgment.

Such question has not been considered by this court heretofore, although the same question as here presented has been considered by other appellate courts. So far as we are able to ascertain, the other courts are in accord in holding that the quoted provision does not, in any manner, impair the right of action under state law, but relates solely and exclusively to the time of actual eviction. And the courts which have passed upon this question point out that such construction is in complete accord with the interpretation placed upon the act by the federal officers charged with its enforcement.

In Tenore v. Garretson, 88 N.Y.S. 2d 453, the New York court pointed out that this section of the rent act was so new that higher courts had not had opportunity to rule thereon. But, the court also pointed out that the wording of the act, intended to be operative in all the states, simply meant that 60 days should elapse between the original notice and eviction, regardless of the laws of the state where the act was being enforced. The court explicitly held that 60 days notice was not a prerequisite to bringing an action, but only to the issuance of the final warrant for eviction. The rule announced later was approved in Miressi v. Funicello, 84 N.Y.S. 2d 538.

In Carey v. Dunne, 95 N.H. 303, 63 A. 2d 232, it was held that the inhibition against requiring surrender of possession prior to expiration of 60 days after written notice to quit, merely requires 60 days time to have expired

after written notice before a tenant could be obliged to surrender possession. In considering this particular provision of the rent act, the New Hampshire court said:

"It has no reference to the requirements for maintaining an action, but merely prescribes the time within which a writ of possession or other process designed to 'oblige' the tenant to surrender possession of his housing accommodation shall not issue."

A like result, based upon the same reasoning, was reached in Lupi et al. v. Flack, 84 Ohio A. 76, 83 N.E. 2d 247, and Porea v. Moses (La. App.) 35 So. 2d 152. In the latter case the contention was made that the rent act contemplated that a 60-day notice to vacate had to precede filing of suit for possession. In answer to such argument, the Louisiana court stated that the act merely granted an additional grace period to tenants in possession suits, by making certain in all cases that no tenant could be evicted in less that 60 days after receiving written notice to vacate. The opinion quoted at length from the opinion of the Housing Expediter (1948), wherein it is recited that such interpretation of the rent act was promulgated after conference with the National Office. Recognition that lapse of the 60-day period is not a condition precedent to an action for possession of property is recognized in the following statement from the Moses case, supra.

"It is to be noted that under the above set out interpretation a judgment in a state court could not under the Federal Law force a tenant to deliver possession of a housing accommodation until after the expiration of the sixty-day notice provided in the Act. Therefore, a state judgment evicting a tenant could not be enforced on or after April 1, 1948, unless sixty days had passed since written notice was given to the tenant. . . ."

In Lupi et al. v. Flack, supra, the Ohio court, after quoting with approval from the Moses case, supra, said:

"We believe the reasoning of the Louisiana Court to be sound and logical. The Congress did not seek to outline the procedural steps by which the right to secure a judgment of eviction is to be obtained, that procedure was left to the legislative body in each state. The Federal legislation does not say that no action in forcible entry and detainer shall be filed by a landlord until after a sixty-day notice to the tenant is given, but it does say that the tenant cannot be dispossessed until sixty days after written notice to leave the premises is given."

The soundness of such holding appears more clearly when section 209 (c), supra, is considered in connection with the Act which it amended, section 209 (a) of the 1947 Act (50 U.S.C.A. App. 1899). The original section provided that no action or proceeding to recover possession of a controlled housing accommodation could be maintained by a landlord against any tenant, in any court, so long as the tenant continued to pay the rent to which the landlord was entitled unless:

" . . . (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations;"

The inhibition of the Act is against the maintenance of an action unless the action falls within the exception, and has no application where the case is within the named exception. However, the provision of section 209 (c) does not purport to disturb the landlord's right of action expressly recognized in the other portion of the quoted law. The correct construction, and the reasons therefor, are succinctly set forth in Porea v. Moses, supra, as follows:

" . . . If it was the lawmakers' intention to require that a sixty-day notice must be served upon the tenant, and that an ejectment suit cannot be brought until the sixty-day period had expired, unequivocal language to that effect would undoubtedly have been employed. The section in question states that 'no tenant shall be obliged to surrender possession . . . until the ex-

piration of at least sixty days after written notice . . . (Italics ours). It seems clear to us that the word 'obliged' as used is a synonym of the words 'compelled' 'forced' and 'required.' The plain and reasonable meaning is that no tenant can be evicted until sixty days have expired counting from the date of the written notice, and that in any suit the judgment of eviction will not and cannot become operative or executory until sixty days after the notice to vacate had been served. There is nothing in the section which prohibits a landlord from bringing his proceeding against a tenant, after the notice required by local law, and all that the section intends is that under no circumstances can the tenant be ejected until sixty days after the vacate notice was served."

The notice given the defendant herein sufficiently complied with the requirements of the Act, and defendant thereby became subject to ouster after July 28, 1948. The 60-day period afforded no bar to maintenance of the right of action under our state statutes to recover a judgment for possession, but was a bar only to execution of such judgment within the 60-day period.

Judgment affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., dissents.